**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN RAUCH, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civ. A. No. 1:19-cv-00526-MKB |
| v. | |
| VALE S.A., MURILO FERREIRA, FABIO SCHVARTSMAN, and LUCIANO SIANI PIRES, | |
| Defendants. | |
| RICHARD EPSTEIN, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civ. A. No. 1:19-cv-00793-RJD |
| v. | |
| VALE S.A., FABIO SCHVARTSMAN and LUCIANO SIANI PIRES, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
COLLEGES OF APPLIED ARTS AND TECHNOLOGY PENSION PLAN
FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND ...................... 3

III.  ARGUMENT............................................................................................................. 6

      A.    The Related Actions Should Be Consolidated........................................................... 6

      B.    The PLSRA Standard for Appointing Lead Plaintiff................................................ 7

      C.    CAAT Pension Plan Is the "Most Adequate Plaintiff"
            under the Exchange Act ........................................................................................... 8

            1.    CAAT Pension Plan Has Satisfied the PSLRA's Procedural
                  Requirements ....................................................................................................8

            2.    CAAT Pension Plan Has the Largest Financial Interest in the Relief
                  Sought by the Class.........................................................................................9

      D.    CAAT Pension Plan Is Qualified Under Rule 23 ..................................................... 9

            1.    CAAT Pension Plan's Claims Are Typical of the Claims of the Class ...........10

            2.    CAAT Pension Plan Will Fairly and Adequately Represent the Class'
                  Interests .........................................................................................................11

            3.    This Court Should Approve CAAT Pension Plan's Choice of Counsel.........12

IV.   CONCLUSION......................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ................................................................................. 6, 10

*Faig v. Bioscrip, Inc.*,
    No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) .................................... 6

*In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*,
    No. 08 M.D.L. 1963, 2009 WL 50132, (S.D.N.Y. Jan. 5, 2009) ................................... 2

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...................................................................................... 12

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
    No. 16cv03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........................................ 10, 12

*In re Drexel Burnham Lambert*,
    960 F.2d 285 (2d Cir. 1992) ...................................................................................... 11

*In re Gentiva Sec. Litig.*,
    281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................. 12

*In re KIT Digital, Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) ................................................................................. 12

*Indergit v. Rite Aid Corp.*,
    293 F.R.D. 632 (S.D.N.Y. 2013) ................................................................................. 11

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ...................................................................................... 6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................... 6

*Logan v. QRx Pharma Ltd.*,
    No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ................................ 11

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ................ 6, 10

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    No. 14-cv-4471, 2014 WL 6491433 (S.D.N.Y. Nov. 20, 2014) .................................... 12

**Statutes**

15 U.S.C. § 78j(b) ................................................................................................................ 1

15 U.S.C. § 78t(a) ................................................................................................................ 1

15 U.S.C. § 78u-4, *et seq.* ........................................................................................... passim

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
  *reprinted in* U.S.C.C.A.N. 730, 733 ................................................................... 3, 12

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... 9, 10

Fed. R. Civ. P. 23(a) ..................................................................................................... 11, 12

Fed. R. Civ. P. 23(a)(4) .................................................................................................... 12

Fed. R. Civ. P. 42(a) ..................................................................................................... 2, 7, 8

Putative class member the Colleges of Applied Arts and Technology Pension Plan ("CAAT Pension Plan"), by its counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned related actions ("the Related Actions"); (ii) appointing CAAT Pension Plan as lead plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); and (iii) approving CAAT Pension Plan's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as lead counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v).  CAAT Pension Plan believes that it has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed lead plaintiff and that its choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.    INTRODUCTION

Presently pending in this District are at least two securities class actions brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against Vale S.A. ("Vale" or the "Company") and certain former and current executives for violations of federal securities laws on behalf of all persons and entities who purchased or otherwise acquired Vale securities between June 7, 2016 and February 6, 2019 (the "Class Period").[1]

---

[1] The actions pending in this District are *Rauch v. Vale S.A.*, No. 19-cv-00526-MKB (E.D.N.Y. filed January 28, 2019) (the "*Rauch* Action") and *Epstein v. Vale S.A.*, No. 19-cv-00793-RJD (E.D.N.Y filed February 8, 2019) (the "*Epstein* Action").  The initial complaint in the *Rauch* Action alleged a class period of April 13, 2008 through January 28, 2019; however, an amended complaint was filed on March 27, 2019 alleging a class period of June 7, 2016 through February 6, 2019.  The *Epstein* Action alleges a class period of April 13, 2018 through January 28, 2019. An action was also filed in U.S. District Court for the Southern District of New York styled *Mihaescu v. Vale S.A.*, No. 19-cv-01610-VM (S.D.N.Y. Feb. 20, 2019), alleging a class period of April 11, 2017 through January 28, 2019 (the "*Mihaescu* Action").  The Class Period as defined

As a preliminary matter, the Related Actions should be consolidated because they involve "a common question of law or fact."  Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*.

Once the Related Actions are consolidated, pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(B)(i).  CAAT Pension Plan believes it is entitled to appointment as lead plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure.

CAAT Pension Plan—a sophisticated and experienced institutional investor with approximately $8.2 billion in assets—respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed lead plaintiff on behalf of all investors who purchased or otherwise acquired Vale securities during the Class Period.  CAAT Pension Plan incurred losses of ***approximately $913,000*** on its Class Period transactions in Vale securities as calculated on either a last-in-first-out ("LIFO") basis or a first-in-first-out ("FIFO") basis.[2]

---

herein is the longest possible class period of the *Rauch, Epstein*, and *Mihaescu,* actions—June 7, 2016 through February 6, 2019.  For the purposes of appointing the lead plaintiff, the longest class period governs.  *See e.g.*, *In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members") (citation omitted).  Contemporaneous with this filing, CAAT Pension Plan will move for appointment as lead plaintiff in the U.S. District Court for the Southern District of New York.

[2] A copy of the Certification of Kevin Rorwick, Chief Operating Officer and Chief Financial Officer of CAAT Pension Plan (the "Certification") is attached as Exhibit A to the Declaration of Frederic S. Fox in Support of Motion of CAAT Pension Plan for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Its Selection of Lead Counsel, dated March 29, 2019 (the "Fox Decl.").  The Certification sets forth all transactions of CAAT Pension Plan in Vale securities during the Class Period.  Further, Exhibit B to the Fox Decl. is a calculation of financial losses sustained by CAAT Pension Plan on its Class Period transactions in Vale securities.

In addition to asserting the largest financial interest in this litigation, CAAT Pension Plan also meets the applicable requirements of Rule 23 because (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.  Moreover, as a sophisticated institutional investor, CAAT Pension Plan is the prototypical lead plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Further, CAAT Pension Plan fully understands the lead plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a lead plaintiff to guarantee vigorous prosecution of the Action.  *See* Fox Decl., Ex. A.

Therefore, CAAT Pension Plan respectfully requests that the Court approve its choice of Kaplan Fox as lead counsel for the Class.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Kaplan Fox is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.  *See* Fox Decl., Ex. C.

Accordingly, CAAT Pension Plan respectfully requests that the Court appoint CAAT Pension Plan as lead plaintiff for the Class, and approve its selection of lead counsel.

## II.   SUMMARY OF THE RELATED ACTIONS AND PROCEDURAL BACKGROUND

On January 28, 2019, the first securities class action was filed, the *Rauch* Action, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.  Also on January 28, 2019, in

3

accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the Action was published to class members on *Business Wire* (the "Notice") advising purchasers of Vale securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct. *See* Fox Decl. Ex. D. The Notice further advised class members of their right to move the Court to be appointed lead plaintiff by March 29, 2019. *Id.* Accordingly, CAAT Pension Plan now moves this Court to be appointed as lead plaintiff.

As alleged in the Related Actions, Vale has a history involving dam failure in connection with its mining activities. According to the Related Actions, on November 5, 2015, Brazilian authorities reported that an iron-ore mine operated by Samarco Mineração S.A. (jointly owned by Vale and another mining entity) burst, killing dozens of people and devastating the local community. Compl. ¶ 11.[3] According to the Related Actions, the structure that failed is what is known as a tailings dam, used to hold water and discarded minerals from the nearby iron-ore mine. *Id.* The November 2015 tragedy resulted in Vale and the other mining company settling a civil suit with Brazilian public authorities for 20 billion real (US$5.3 billion) and additional fines to be levied in the future. *Id.* ¶ 12. Vale also agreed to community participation in decisions related to remediation and compensation programs and greater corporate compliance. *Id.*

According to the Related Actions, on January 25, 2019, *Reuters* reported that Vale's tailings dam had burst at its Corrego de Feijão iron ore mine and that a "torrent of sludge tore through the mine's offices, including a cafeteria during lunchtime." *Id.* ¶ 23 On this news, shares of Vale fell $1.20 per share or over 8% to close at $13.66 per share on January 25, 2019. *Id.*

Then, on January 26, 2019, *BBC News* reported that hundreds of people affected by the dam's breach remained missing, in part because the dam's alarm system failed at the time of the

---

[3]  "Compl., ¶ __" refers to the *Epstein* Action.

4

accident. *Id.* ¶ 24. A report by Folha de s. Paulo newspaper stated "the risk of collapse of the dam had been mentioned in a 'tense meeting' that approved its license last month[.]" *Id.* That same day, *Reuters* reported that Brazil's National Mining Agency ordered Vale to suspend operations at its Corrego de Feijão iron ore mining facility as a result of the dam burst. *Id.* ¶ 25.

On January 28, 2019, *Reuters* reported that "Brazil's top prosecutor said on Monday she will pursue criminal prosecutions after the collapse of a tailings dam operated by mining giant Vale S.A. that killed at least 58 people and left hundreds missing, and that executives may be punished." *Id.* ¶ 26. Additionally, on January 28, 2019, *Reuters* reported that "Brazilian securities industry regulator CVM has opened a probe into miner Vale S.A.'s filings related to a burst tailings dam in the town of Brumadinho[.]" *Id.* ¶ 27. On this news, shares of Vale plunged by $2.46 per share, or approximately 18%, to close at $11.20 per share on January 29, 2019. *Rauch* Action, Am. Compl. ¶ 36.

The Related Actions allege that throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose that (1) Vale had failed to adequately assess the risk and damage potential of a dam breach at its Feijão iron ore mine especially in light of its experience in 2015; (2) Vale's programs to mitigate health and safety incidents were inadequate; (3) Vale's auditor, as required under Brazilian mining law, was not independent; (4) an internal report commissioned by Vale last year to look into the stability of the tailings dam raised concerns over its drainage and monitoring systems; and (5) the existence of information that the dam was at risk of "liquefaction," the same issue that led to the 2015 collapse of the Samarco dam. *Id.* ¶ 22.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, No. 13-cv-6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff."). There are at least two related securities class actions pending in this District on behalf of investors who purchased Vale securities during the Class Period at artificially inflated prices. *See* § I, *supra.*

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *1-2 (E.D.N.Y. Aug. 17, 2010); and *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008). The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "the well[-]recognized principle that the consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs") (citation omitted).

6

The Related Actions concern the same or similar parties, arise out of the same or similar courses of misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law.  Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a), and the Court should grant the motion for consolidation of the Related Actions.

### B.      The PLSRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

7

(aa)  has either filed the complaint or made a motion in response to a notice . . .;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.    CAAT Pension Plan Is the "Most Adequate Plaintiff" under the Exchange Act

CAAT Pension Plan respectfully submits that it is the "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.  In addition, CAAT Pension Plan has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class.  *See* Fox Decl., Ex. A.  Finally, CAAT Pension Plan has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. C (Kaplan Fox Firm Resume).  Accordingly, CAAT Pension Plan satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed lead plaintiff.

### 1.    CAAT Pension Plan Has Satisfied the PSLRA's Procedural Requirements

The first filed action, the *Rauch* Action, was filed on January 28, 2019 and Notice was published over *Business Wire*, a national wire service, the same day.  *See id.*, Ex. D.  Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on March 29, 2019.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, CAAT Pension Plan timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

8

      **2.**      **CAAT Pension Plan Has the Largest Financial Interest in the Relief Sought by the Class**

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, CAAT Pension Plan suffered substantial losses of ***approximately $913,000*** on its Class Period transactions in Vale securities as calculated on either a LIFO or FIFO basis as a result of expending over $8.6 million to purchase 611,999 shares of Vale securities at artificially inflated prices during the Class Period. *See* Fox Decl., Ex. B.  CAAT Pension Plan is not aware of any other movant with a larger financial interest and believes it has the largest financial interest of any lead plaintiff movant.  Therefore, CAAT Pension Plan believes it is presumptively entitled to appointment as lead plaintiff.

**D.**      **CAAT Pension Plan Is Qualified under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)     the class is so numerous that joinder of all members is impracticable;
> (2)     there are questions of law or fact common to the class;
> (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy— directly address the personal characteristics of the class representatives.  *See In re Deutsche Bank*

*Aktiengesellschaft Sec. Litig.*, No. 16cv03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (citation omitted); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 WL 3924862, at *5 (E.D.N.Y. August 17, 2010); *Baughman v. Pall Corp.*, 250 F.R.D. 121, at 126 (E.D.N.Y. 2008). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, CAAT Pension Plan satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as lead plaintiff for the Related Actions.

### 1. CAAT Pension Plan's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct. *See, e.g.*, *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2016 WL 5867497, at *5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted).

The claims asserted by CAAT Pension Plan are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. CAAT Pension Plan purchased shares of Vale securities, as did each member of the proposed class, at prices

artificially inflated by Defendants' false and misleading statements and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at \*3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, CAAT Pension Plan satisfies the typicality requirement of Rule 23(a).

### 2. CAAT Pension Plan Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not have interests that are "antagonistic" to the class that it seeks to represent. *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 654 (S.D.N.Y. 2013) (citing *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, CAAT Pension Plan's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between CAAT Pension Plan's interests and those of the class. As detailed above, CAAT Pension Plan's claims raise similar questions of law and fact as claims of the members of the class, and CAAT Pension Plan's claims are typical of the members of the class.

Further, CAAT Pension Plan has demonstrated its adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Fox Decl., Ex. A. Having suffered substantial losses, CAAT Pension Plan will be a zealous advocate on behalf of the class. In addition, CAAT Pension Plan has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent it. *See* Fox Decl., Ex. C. Thus, the close alignment of interests between CAAT Pension Plan and other class members, and CAAT Pension Plan's strong desire to prosecute the Related Actions on behalf of the class, provide ample reason

11

to grant CAAT Pension Plan's motion for appointment as lead plaintiff in the Related Actions. Accordingly, CAAT Pension Plan satisfies the prerequisites for appointment as lead plaintiff pursuant to the Exchange Act.

Additionally, CAAT Pension Plan is a sophisticated institutional investor that is precisely the type of lead plaintiff that Congress sought to summon and empower when it enacted the PSLRA. As Congress noted in its PSLRA Statement of Managers Report, the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737)); *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, No. 14-cv-4471, 2014 WL 6491433, at *4 (S.D.N.Y. Nov. 20, 2014) (recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs," and collecting cases); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (noting the preference among courts for institutional investors).

### 3.   This Court Should Approve CAAT Pension Plan's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2016 WL 5867497, at *5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (citations omitted). CAAT Pension Plan has retained Kaplan Fox to represent it and to serve as lead counsel to pursue this litigation on behalf of itself and the class. Kaplan Fox possesses extensive

12

experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Fox Decl., Ex. C. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For all of the foregoing reasons, CAAT Pension Plan respectfully requests that the Court: (1) consolidate the Related Actions, (2) appoint CAAT Pension Plan as lead plaintiff; (2) approve CAAT Pension Plan's selection of Kaplan Fox as lead counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: March 29, 2019                              Respectfully submitted,

                                                   */s/ Frederic S. Fox*
                                                   Frederic S. Fox
                                                   Donald R. Hall
                                                   Jeffrey P. Campisi
                                                   Pamela A. Mayer
                                                   **KAPLAN FOX & KILSHEIMER LLP**
                                                   850 Third Avenue, 14th Floor
                                                   New York, NY 10022
                                                   Telephone: (212) 687-1980
                                                   Facsimile: (212) 687-7714

                                                   *Attorneys for Movant the Colleges of Applied*
                                                   *Arts and Technology Pension Plan*

13

## CERTIFICATE OF SERVICE

I, Frederic S. Fox, hereby certify that, on March 29, 2019, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Frederic S. Fox*
Frederic S. Fox