**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN RAUCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., MURILO FERREIRA, FABIO SCHVARTSMAN, and LUCIANO SIANI PIRES, <br><br> Defendants. | Case No.: 1:19-cv-00526-MKB-CLP |
| RICHARD EPSTEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., FABIO SCHVARTSMAN, and LUCIANO SIANI PIRES, <br><br> Defendants. | Case No.: 1:19-cv-00793-RJD-SJB |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................................1

II.     SUMMARY OF THE PENDING ACTIONS .....................................................................................3

III.    ARGUMENT .........................................................................................................................5

        A.      The Actions Should Be Consolidated ........................................................................5

        B.      St. Louis Fire Should Be Appointed Lead Plaintiff .................................................5

                1.      St. Louis Fire Has Timely Filed Its Motion ...................................................6

                2.      St. Louis Fire Has The Largest Financial Interest In The Relief
                        Sought By The Class .......................................................................................6

                3.      St. Louis Fire Satisfies The Requirements Of Rule 23 ...................................7

        C.      The Court Should Approve St. Louis Fire's Selection Of Counsel .........................10

IV.     CONCLUSION ......................................................................................................................12

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank of America Corp. Sec., Derivative and ERISA Litig.*, No.,
   09-MD-2058 (S.D.N.Y.) ........................................................................................ 13

*Centerline Holding Co. Sec. Litig.*, 08 Civ. 505 (SAS),
   2008 WL 1959799 (S.D.N.Y. May 5, 2008) ............................................................ 3

*City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*,
   No. 06 Civ. 8245(CM)(MHD), 2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007) ...................... 11

*Elstein v. Net 1 UEPS Techs., Inc.*, 13 Civ. 9100 (ER),
   2014 U.S. Dist. LEXIS 100574, at *19 (S.D.N.Y. July 23, 2014) ............................................ 8

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ....................................................................... 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................ 5, 6

*In re Kit Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................ 11, 12

*In re MF Global Holdings, Ltd. Inv. Litig.*,
   310 F.R.D. 230 (S.D.N.Y. 2015) ............................................................................. 11

*In re Olsten Corp. Secs. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................... 8

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997) ............................................ 8

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
   No. 11 Civ. 5097(JFK), 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) ................................. 10

*Reimer v. Ambac Fin. Grp., Inc.*,
   No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008) ................................. 11

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................. 7

*Varghese v. China Shengduo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....................................................................... 8

*Xianglin Shi v. Sina Corp*.,
   No. 05-cv-2154-NRB, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ........................................ 10

Statutes

15 U.S.C. § 78u-4 ............................................................................................................ *passim*
15 U.S.C. § 78j(b), §78(t) ........................................................................................................ 2

Rules

Fed. R. Civ. P. 42(a) ........................................................................................................... 3, 7
Fed. R. Civ. P. 23 .............................................................................................................. *passim*

Proposed Lead Plaintiff Firemen's Retirement System of St. Louis ("St. Louis Fire"), respectfully moves this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing St. Louis Fire as Lead Plaintiff; (3) approving its selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the Class; and (4) any such other and further relief as the Court may deem just and proper.

## I.   **PRELIMINARY STATEMENT**

Currently pending in the Southern District and the Eastern District of New York are three securities class actions (the "Related Actions") brought on behalf of purchasers of public traded securities of Vale S.A. ("Vale").  The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78(t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Vale and certain of its officers.

As shown in the chart herein, two of the complaints, including the first filed complaint, were filed in the Eastern District of New York, and both of those complaints initially asserted a class period of April 13, 2018 through January 28, 2019, which should be the operative class period.[1]  On March 27, 2019, just two days prior to the Lead Plaintiff deadline, an amended complaint was filed in the *Rauch* action purportedly attempting to expand the class period to

---

[1] Due to Vale share's trading history, investors who purchased prior to 2018 cannot demonstrate damages.  Prior to 2018, Vale shares traded well below the post class period uninflated price of the shares. Given that Vale shares opened at $4.78 per share on June 7, 2016, its average trading price from June 7, 2016 through April 12, 2018 was $9.16 per share and Vale's January 28, 2019 closing price was $11.20 per share after declining $2.46 per share or 18%; and never closed below $11.17 per share since January 28, 2019, the appropriate class period should be from April 13, 2018 through January 28, 2019 (the "Class Period").  *See In re Centerline Holding Co. Sec. Litig.*, 08 Civ. 505 (SAS), 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008) (utilizing a shorter class period for lead plaintiff analysis as there were no "plausible" facts to justify using a longer class period).

1

June 7, 2016 through February 6, 2019.  A third complaint was filed in the Southern District of New York alleging a class period of April 11, 2017 through January 28, 2019.[2]

| Filing Date | Action | Proposed Class Period | Amended Complaint |
|---|---|---|---|
| 01/28/19 | *Rauch v. Vale S.A.*, 19-cv-0526-MKB-CLP (E.D.N.Y.) | April 13, 2018 - January 28, 2019 | June 7, 2016 – February 6, 2019 |
| 02/08/19 | *Epstein v. Vale S.A.*, 19-cv-0793-RJD-SJB (E.D.N.Y.) | April 13, 2018 - January 28, 2019 | |
| 02/20/19 | *Mihaescu v. Vale S.A.*, 19-cv-01610-VM (S.D.N.Y.) | April 11, 2017 – January 28, 2019 | |

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant or group of movants has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movants have made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

St. Louis Fire is the "most adequate plaintiff" and has sustained a loss of $31,102 under the last-in-first-out ("LIFO") method in connection with its Class Period Vale investments.  St. Louis Fire's loss is believed to be the largest among purported class members seeking Lead Plaintiff appointment that otherwise satisfy the PSLRA and the Federal Rules of Civil Procedure.[3]

---

[2] For purposes of completeness, St. Louis Fire is also contemporaneously filing a motion for appointment as lead plaintiff and approval of counsel in the *Mihaescu* action.

[3] St. Louis Fire's Class Period transactions in Vale securities are set forth in the certification attached as Exhibit B to the Declaration of Steven B. Singer in Support of the Motion of Firemen's Retirement System of St. Louis for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Singer Decl.").

In addition, appointing St. Louis Fire as Lead Plaintiff will protect the interests of all Class members as they may pursue claims under Sections 10(b) and 20(a) of the Exchange Act. In addition to asserting the largest financial interest, St. Louis Fire readily satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class members.[4]

Moreover, St. Louis Fire, which manages approximately $490 million in assets, is the ideal Lead Plaintiff contemplated by the PSLRA. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("the PSLRA was designed to favor institutional investors"). Indeed, St. Louis Fire has extensive experience serving as a fiduciary, and is a sophisticated institutional investor with a substantial financial interest in the litigation, which provides the incentive and ability to effectively and efficiently supervise and monitor counsel.

St. Louis Fire has also demonstrated its adequacy through its selection of Saxena White, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, based on St. Louis Fire's substantial financial interest and its demonstrated commitment and ability to oversee this action, St. Louis Fire respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## II.     SUMMARY OF THE PENDING ACTIONS[5]

Vale is a mining and metals company headquartered in Rio de Janeiro, Brazil. ¶7. On November 5, 2015, the Fundão Dam ("Fundão"), an iron-ore mine operated by Samarco Mineração SA (a joint venture between Vale and BHP Billiton) in Mariana, Minas Gerais burst releasing a massive wave of toxic sludge into the nearby river valley and causing severe flooding

---

[4] A chart setting forth St. Louis Fire's loss is attached as Exhibit C to the Singer Decl.

[5] All "¶" references are to the *Rauch* complaint.

and 19 deaths.  ¶ 15.   The cause of the collapse was the failure of a tailings dam, used to hold water and discarded minerals from the nearby iron-ore mine.  *Id*.

During the Class Period, Vale represented in its Form 20-F for the fiscal year ended December 31, 2017 that it was committed "to becoming a sustainability benchmark through a comprehensive approach based on systematic planning and execution, prioritizing risk and management (seeking to achieve zero harm to our employees and surrounding communities)" including the improvement of "the health and safety of our workers."  ¶ 18.  Moreover, Vale represented in a current information report in a Form 6-K filed with the SEC that as part of its monitoring and inspection of its dams, it "shall submit a report containing the detailed and adequate inspection of the dam, the reassessment of existing projects, the performance of new stability analyzes as well as their category of risk and damage potential, associated with the updating of hydrological studies, reassessment of operating procedures, maintenance, [and] instrumentation and monitoring tests."  ¶ 20.  However, defendants made false and/or misleading statements and/or failed to disclose that Vale had inadequately assessed the risk and damage potential of a dam breach at its Feijão iron ore mine; and Vale had inadequate programs to mitigate health and safety incidents.  ¶ 21.

On January 25, 2019, *Reuters* reported that Vale's Feijão iron ore mine dam had burst when a "torrent of sludge tore through the mine's offices, including a cafeteria during lunchtime."  On this news, shares of Vale fell $1.20 per share or over 8%, to close at $13.66 per share on January 25, 2019.  ¶¶ 22-23.

On January 28, 2019, *Reuters* reported that Brazil's top prosecutor "will pursue criminal prosecutions after the collapse of a tailings dam operated by mining giant Vale SA killed at least 58 people and left hundreds missing, and that executives may be punished."  *Reuters* also

4

reported that "Brazilian securities industry regulator CVM has opened a probe into miner Vale SA's filings related to a burst tailings dam in the town of Brumadinho[.]"  On this news, shares of Vale fell $2.46 per share or approximately 18%, to close at $11.20 per share on January 28, 2019.  ¶¶ 27-28.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(A)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). Moreover, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Richman*, 274 F.R.D. at 475.

Here, the two actions filed in the Eastern District of New York allege claims concerning Vale's health and safety practices related to its dams.  Accordingly, consolidation of the actions is appropriate. *See id*.

### B.    St. Louis Fire Should Be Appointed Lead Plaintiff

St. Louis Fire respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws, and provides a presumption in favor of the "person or group of persons" which has the "largest financial interest" in the relief sought by the Class, while also satisfying the relevant requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).  As set forth below, St. Louis Fire believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    St. Louis Fire Has Timely Filed Its Motion

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of the notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  St. Louis Fire's motion is therefore timely as it was filed within 60 days of the publication of the notice issued on January 28, 2019. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Singer Decl. Exhibit A.

### 2.    St. Louis Fire Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Elstein v. Net 1 UEPS Techs., Inc.*, 13 Civ. 9100 (ER), 2014 U.S. Dist. LEXIS 100574, at *19 (S.D.N.Y. July 23, 2014).

To determine the largest financial interest, courts have utilized the four-factor test promulgated in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997) and adopted in *In re Olsten Corp. Secs. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (the "Lax/Olsten factors"). *Id*. at 20. The four Lax/Olsten factors are: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the losses suffered. *Id*.  *See Varghese v. China Shengduo Pharm. Holdings, Inc.*, 589 F.

Supp. 2d 388, 395 (S.D.N.Y. 2008) (adopting the four factors "to evaluate who has the greatest financial interest").

St. Louis Fire should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Indeed, St. Louis Fire purchased 48,860 shares of Vale securities during the Class Period for $641,314; retained all of its shares of Vale securities at the end of the Class Period; and suffered a loss of $31,102 calculated on a LIFO basis.  *See* Singer Decl., Exhibit C.

To the best of St. Louis Fire's knowledge, no other applicants who have sought, or are seeking Lead Plaintiff appointment have a larger financial interest arising from Class Period transactions in Vale securities. Accordingly, St. Louis Fire has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.     St. Louis Fire Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, St. Louis Fire otherwise satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) ("a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23") (citations omitted).   Here, St. Louis Fire indisputably satisfies the typicality and adequacy requirements.

St. Louis Fire's claims are typical of the claims of other purchasers of Vale securities. Typicality can be established by showing that the proposed Class representative's "claims arise[] from the same course of events and they make similar legal arguments to prove the defendants'

7

liability as the other putative class members." *Bank of Am.*, 258 F.R.D. at 269 (typicality requirement satisfied when investors "allege[d] material misstatements and/or omissions made by defendants . . . and they share an interest in establishing defendants' liability and achieving the maximum amount of recovery") (internal quotations and citation omitted). Here, St. Louis Fire's and all other Class members' claims arise from the same course of events, and their legal arguments to establish Defendants' liability are nearly identical. Indeed, like all other Class members, St. Louis Fire: (1) purchased Vale securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). As such, St. Louis Fire is a typical Class representative.

St. Louis Fire similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005) (citation omitted). St. Louis Fire satisfies these elements because its substantial financial stake in the litigation provides the ability

8

and incentive to vigorously represent the Class' claims and it's interests are perfectly aligned with those of the other Class members.  Further, there are no facts to suggest any actual or potential conflict of interest or other antagonism between St. Louis Fire and the other Class members.

Moreover, St. Louis Fire is the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411(NRB), 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of three pension funds as Lead Plaintiff); *City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*, No. 06 Civ. 8245(CM)(MHD), 2007 WL 2845125, at *5 (S.D.N.Y. Sept. 26, 2007) (appointing two public pension funds as Lead Plaintiff); *In re MF Global Holdings, Ltd. Inv. Litig.*, 310 F.R.D. 230, 237 (S.D.N.Y. 2015) (noting that the institutional investor is the "type 'unequivocally' preferred as lead plaintiff by the [PSLRA]"); *In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 447 (S.D.N.Y. 2013) (noting that the institutional investor movant "is the statutory preference").

Finally, St. Louis Fire has demonstrated its adequacy through its selection of Saxena White as Lead Counsel to represent the Class in this action.  Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits effectively.

## C.        The Court Should Approve St. Louis Fire's Selection Of Counsel

The Court should approve St. Louis Fire's selection of Saxena White as Lead Counsel on behalf of the Class.  Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kit Digital*, 293 F.R.D. at 448 ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (internal quotations and citations omitted).  Here, St. Louis Fire retained Saxena White as proposed Lead Counsel to represent the Class.

As demonstrated by its firm resume,[6] Saxena White has extensive experience in successfully prosecuting complex litigation on behalf of shareholders and is lead or co-lead counsel in major securities class actions nationwide, including in this District.  In terms of the benefits conferred upon Saxena White's clients, the firm has achieved resounding successes on behalf of shareholders nationwide.  *See*, *e.g.*, *In re Wilmington Trust Sec. Litig.*, 10-cv-00990-SLR (D. Del.) ($210 million settlement which represented a recovery of nearly 40% of the Class's maximum likely recoverable damages); *In re Rayonier Inc. Sec. Litig.*, Case No. 3:14-cv-1395-TJC-JBT ($73 million settlement for shareholders in a securities fraud action); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Grp., Inc.*, Case No. 1;16-cv-02400 (AT)(SN) (S.D.N.Y.) ($28 million settlement for shareholders in a securities action); *Central Laborers' Pension Fund v. SIRVA, Inc.*, 04 C 7644 (N.D. Ill.) ($53.3 million recovery and important corporate governance reforms); *City Pension Fund for*

---

[6] *See* Saxena White's Firm Biography, attached as Exhibit D to the Singer Decl.

*Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A., et al.*, No. 1:08-cv-23317-JAL (S.D. Fla.) ($37.5 million settlement for shareholders in a securities fraud action against Aracruz Celulose, S.A.); *In re Sadia S.A. Sec. Litig.*, 08-cv-09528-SAS (S.D.N.Y.) ($27 million settlement for shareholders in a securities fraud action).

In addition, judges around the country have recognized that Saxena White has the experience and resources necessary to successfully and efficiently prosecute complex class litigation as Lead and Co-Lead Counsel. For example, in *Schuler v. NIVS Intellimedia Tech. Group, Inc.*, No. 11-cv-2484 (KMW) (S.D.N.Y.), Judge Wood, in commending Saxena White's "excellent representation of the class," noted that "Saxena White's work has been outstanding" and "impressively thorough." In *In re Goldman Sachs Group, Inc. Derivative Litig.*, Master File No. 10 Civ. 3614-PAC (S.D.N.Y.), Judge Crotty appointed Saxena White as sole Lead Counsel amongst numerous firms, and specifically noted that "Saxena White is well qualified to play its role as lead counsel. The pleadings it filed in this matter, including the motion papers, are competent and professional." Further, in *In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, No. 09-MD-2058 (S.D.N.Y.), Saxena White was appointed as Co-Lead Counsel, with former Southern District of New York Judge Chin expressly noting that Saxena White is "experienced and qualified to serve as lead counsel." In sum, Saxena White has built an impressive track record of professional and efficient shareholder representation in complex securities actions, and has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Accordingly, the Court should approve St. Louis Fire's selection of Saxena White as Lead Counsel for the Class.

## IV.    CONCLUSION

For the reasons discussed above, St. Louis Fire respectfully requests that the Court: (1) consolidate the actions; (2) appoint it to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (3) approve its selection of Saxena White as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: March 29, 2019

Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Steven B. Singer*
Steven B. Singer
10 Bank Street
White Plains, NY 10606
Tel:  (914) 437-8551
Fax:  (888) 216-2220
Email:  ssinger@saxenawhite.com

**SAXENA WHITE P.A.**
Joseph E. White, III
150 East Palmetto Park Road, Suit 600
Boca Raton, FL 33432
Telephone:  (561) 394-3399
Facsimile:   (561) 394-3382
jwhite@saxenawhite.com

*Proposed Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

/s/ Steven B. Singer
Steven B. Singer