**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN RAUCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., MURILO FERREIRA, FABIO SCHVARTSMAN, and LUCIANO SIANI PIRES, <br><br> Defendants. | No. 1:19-cv-00526-MKB-CLP <br><br><br> <u>CLASS ACTION</u> <br><br><br><br> <u>ORAL ARGUMENT REQUESTED</u> |
| RICHARD EPSTEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., FABIO SCHVARTSMAN and LUCIANO SIANI PIRES, <br><br> Defendants. | No. 1:19-cv-00793-RJD-SJB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BOSTON RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 3

ARGUMENT ........................................................................................................................ 5

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 5

    II.    BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 6

    A.    The PSLRA Standard for Appointing Lead Plaintiff .............................................. 6

    B.    Boston Is The "Most Adequate Plaintiff" ................................................................ 8

        1.    Boston's Motion Is Timely ........................................................................ 8

        2.    Boston Has a Substantial Financial Interest ............................................... 8

        3.    Boston Satisfies Rule 23's Typicality and Adequacy Requirements .......... 9

            a.    Boston's Claims Are Typical of Those of the Class ....................... 9

            b.    Boston Satisfies the Adequacy Requirement of Rule 23 ................ 9

        4.    As An Institutional Investor, Boston Is Precisely The Type Of Lead Plaintiff Congress Envisioned When It Passed The PSLRA ........... 11

    III.   BOSTON'S SELECTION OF CO-LEAD COUNSEL MERITS APPROVAL ............................................................................................................ 12

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001)....................................................................................12

*In re Elan Corp. Sec. Litig.*,
　No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009)..............10

*Faig v. Bioscrip, Inc.*,
　No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)........6, 8, 9

*Foley v. Transocean Ltd.*,
　272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................7

*Glauser v. EVCI Career Colls. Holding Corp.*,
　236 F.R.D. 184 (S.D.N.Y. 2006) .............................................................................3

*Kemp v. Universal Am. Fin. Corp.*,
　No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................8

*In re KIT Dig., Inc. Sec. Litig.*,
　293 F.R.D. 441 (S.D.N.Y. 2013) ...........................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
　151 F. Supp. 3d 471 (S.D.N.Y. 2016).................................................................6, 9

*Micholle v. Ophthotech Corp.*,
　No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).........7, 9, 11

*Randall v. Fifth St. Fin. Corp.*,
　No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ....................................8

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
　68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................11

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
　No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)..................9

STATUTES AND RULES

15 U.S.C. § 78u-4(a), *et seq.*......................................................................... *passim*

Fed. R. Civ. P. 23 ................................................................................................ *passim*

ii

**DOCKETED CASES**

*In re American Home Mortg. Sec. Litig.*,
No. 07-md-01898 (E.D.N.Y) ..............................................................................................14

*In re American Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141 (S.D.N.Y.) ...............................................................................................12

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
No. 09-md-02058 (S.D.N.Y.) ..............................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ..............................................................................................13

*In re Citigroup Inc. Bond Litig.*,
No. 08-cv-09522 (S.D.N.Y.) ...............................................................................................13

*In re Facebook, Inc. IPO Sec. and Derivative Litig.*,
No. 12-md-02389 (S.D.N.Y.) ..............................................................................................14

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.) ........................................................................................12, 13

*In re Huron Consulting Grp., Inc. Sec. Litig.*,
No. 09-cv-04734 (N.D. Ill.) ................................................................................................12

*Klein v. Allergan plc*,
No. 18-cv-12219 (S.D.N.Y.) ...............................................................................................12

*Louisiana Mun. Police Emps.' Ret. Sys. v. Deloitte & Touche LLP*,
No. 04-cv-00621 (E.D.N.Y.) ...............................................................................................13

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
MDL No. 01658 (D.N.J.) .....................................................................................................13

*In re Novo Nordisk Sec. Litig.*,
No. 17-cv-00209 (D.N.J.) ....................................................................................................12

*In re Nu Skin Enters., Inc., Sec. Litig.*,
No. 14-cv-00033 (D. Utah) ..................................................................................................12

*Plumbers & Pipefitters' Local #562 Supplemental Plan & Tr.*
*v. J.P. Morgan Acceptance Corp.*,
No. 08-cv-01713 (E.D.N.Y.) ...............................................................................................13

*Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*,
No. 19-cv-00235 (S.D.N.Y.) ...............................................................................................12

iii

*In re PTC Therapeutics, Inc., Sec. Litig.*,
No. 16-cv-01224 (D.N.J.) ........................................................................12

*Rubin v. MF Global, Ltd.*,
No. 08-cv-02233 (S.D.N.Y.)....................................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ..................................................................13

*In re Schering-Plough Corp./ENHANCE Sec. Litig.*,
No. 08-cv-00397 (D.N.J.) ........................................................................14

*Tung v. Dycom Indus., Inc.*,
No. 18-cv-81448 (S.D. Fla.) ....................................................................12

*In re Virtus Inv. Partners Inc. Sec. Litig.*,
No. 15-cv-01249 (S.D.N.Y.).....................................................................14

*In re WorldCom, Inc. Sec. Litig.*,
No. 02-cv-03288 (S.D.N.Y.)......................................................................13

**OTHER AUTHORITIES**

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........3, 11, 13

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679....................................................3

Proposed Lead Plaintiff Boston Retirement System ("Boston") respectfully submits this Memorandum of Law pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Action"); (ii) appointing Boston as Lead Plaintiff; (iii) approving Boston's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Co-Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Boston, a sophisticated institutional investor, respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors or entities who purchased or otherwise acquired Vale securities during the period of April 11, 2017 through January 28, 2019, inclusive, (the "Class Period"), and who were damaged as a result of defendants' alleged fraud.[1]  The Action alleges violations of the Securities Exchange Act of 1934 against Vale—one of the largest mining companies in the world—and certain of its executive officers (collectively, the "Defendants").

---

[1] At least three related securities class actions have been filed against Vale.  The first two actions, *Rauch v. Vale S.A.,* No. 19-cv-00526 (E.D.N.Y.) ("*Rauch*") and *Epstein v. Vale S.A.*, No. 19-cv-00793 (E.D.N.Y.) ("*Epstein*") were filed in this Court, while the third was filed in the U.S. District Court for the Southern District of New York.  *See Mihaescu v. Vale S.A.*, No. 19-cv-01610 (S.D.N.Y.) ("*Mihaescu*") (collectively, the "Action").  Because Boston anticipates all three actions will proceed as one consolidated action, Boston has simultaneously filed a motion and supporting materials for lead plaintiff appointment in this Court and the Southern District of New York. For purposes of this motion, Boston has provided its financial interest in the Class Period alleged in the complaint in *Mihaescu*—the longest properly noticed class period alleged in the complaints on file in this case.

1

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Boston respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As set forth in detail below, Boston incurred **$202,222.34** in losses as a result of its Class Period transactions in Vale securities as calculated on a last-in-first-out ("LIFO") basis.[2] In light of this significant loss, Boston has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Boston also meets the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Boston is precisely the type of investor that

---

[2] A copy of the Certification of Timothy J. Smyth, Executive Officer on behalf of Boston ("Certification"), is attached as Exhibit A to the Declaration of Christopher J. Keller (the "Keller Decl."). The Certification sets forth all transactions of Boston in Vale securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Boston on its Class Period transactions in Vale securities ("Loss Analysis") is attached as Exhibit B to the Keller Decl.

2

Congress intended to empower to lead securities class action litigation. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685*; see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted). Boston fully understands the Lead Plaintiff's obligations under the PSLRA given that Boston has successfully represented injured investors in numerous securities class actions, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee the vigorous prosecution of this case. In light of Boston's track record of overseeing securities litigation and its status as a large, sophisticated institutional investor, Boston is precisely the type of investor that Congress intended to empower to lead complex securities class actions.

Boston has also demonstrated its adequacy through its selection of Labaton Sucharow and Bernstein Litowitz as Co-Lead Counsel on behalf of the Class. Labaton Sucharow and Bernstein Litowitz are nationally recognized securities class action firms that have frequently worked together and recovered billions of dollars for the benefit of injured investors, and have the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Boston requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

### FACTUAL BACKGROUND

Vale is a mining company incorporated in Brazil and headquartered in Rio de Janeiro, Brazil. It is the world's largest producer of iron ore and iron ore pellets, and the world's second largest producer of nickel. The Company also produces manganese ore, coal, copper, gold,

silver, and phosphates and other fertilizer nutrients.  Dam 1 of Córrego do Feijão Mine ("Feijão Mine") is used to dispose tailings from ore production and was located in Brumadinho, Minas Gerais.  The Company's American Depositary Receipts are listed on the New York Stock Exchange under the ticker symbol "VALE."

The Action alleges that Defendants failed to adequately assess the risk and damage potential of a dam breach in connection with its operations of the Feijão Mine.  Specifically, Vale made false and misleading statements about its professed commitment to sustainability, health and safety following the catastrophic environmental disaster of 2015 in Mariana, which claimed the lives of 19 people and displaced thousands of homeowners when a tailings dam breached.  In the aftermath of the Marina disaster, Vale executives vowed that similar disasters would "never happen again," and reiterated its commitment to safety and to maintaining the operation of its dams in accordance to international safety recommendations.  In reality, Vale's efforts to improve safety and mitigate health and safety incidents were wholly inadequate, leading to hundreds of deaths when the Dam I of the Feijão Mine breached.  As a result of Vale's misstatements, the Company's stock price was artificially inflated during the Class Period.

The truth about the risks on the dams operated by Vale was first revealed on January 25, 2019, when Vale notified that, at the beginning of the afternoon, there was a breach of Dam 1 of the Feijão Mine in Brumadinho.  According to several media outlets, the collapsed dam that held back mining waste inundated a nearby community, resulting in numerous casualties and hundreds of people missing.

Following news of this environmental disaster, Vale's stock price dropped $1.20 or 8% percent, to close at $13.66 per share on January 25, 2019.

On January 28, 2019, Brazilian newspaper *O Globo* reported that federal police investigators probing the environmental disaster suspected that documentation which deemed the dam "safe" could have been fraudulent.  The report further added that the Federal Prosecution Office formed a task force in Minas Gerais to investigate the environmental damage, and to determine criminal, civil and administrative responsibilities in connection with the dam breach.  On the same day, Brazilian newspaper *Folha de São Paulo* reported that the Securities and Exchange Commission (CVM) of Brazil opened an inquiry into Vale in connection with the dam breach.  CVM will gather information and investigate whether the Company followed procedures in disclosing facts relevant to investors.  In addition, state prosecutors in the country announced they had frozen billions in assets belonging to Vale in response to the latest environmental crisis.

On this news, Vale's stock price dropped $2.46 or 18%, to close at $11.20 per share on January 28, 2019.

Defendants' misconduct and the revelations thereof have caused Vale's investors to incur significant losses.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The Court should consolidate the above-captioned actions.  The PSLRA contemplates consolidation of related cases where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *Id*.

5

Consolidation pursuant to Rule 42(a) is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The Court has broad discretion to determine whether consolidation is appropriate under Rule 42(a). *See Faig v. Bioscrip, Inc.,* No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013). Consolidation is particularly appropriate in securities class action litigation because the unification of cases expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016).

The above-captioned actions are well-suited for consolidation. The complaints filed in each action are substantially similar, as they allege nearly identical violations of law and arise from a common nucleus of facts and circumstances—namely, the dissemination of materially false and misleading statements concerning the Company's adherence to sustainability, health and safety standards. *See id.* (consolidating securities cases involving substantially identical questions of law and fact).

Accordingly, Boston respectfully requests that the Court consolidate the above-captioned actions, and any other subsequently filed action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Rule 42(a) of the Federal Rules of Civil Procedure.

**II.      BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF**

Boston respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

**A.      The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*

6

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section

21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members

to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-

4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the

"most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely

filed a motion to serve as Lead Plaintiff; (2) has the largest financial interest in the relief sought

by the class; and (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).  This

presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff

"will not fairly and adequately protect the interests of the class" or "is subject to unique defenses

that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL

1307285, at *4 (S.D.N.Y. Mar. 13, 2018).  Under the framework established by the PSLRA,

Boston is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.      Boston Is The "Most Adequate Plaintiff"

### 1.      Boston's Motion Is Timely

Boston filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely-circulated, national, business-oriented news wire service, on January 28, 2019.  *See* Notice, Keller Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before March 29, 2019.  Boston filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.      Boston Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Boston incurred a substantial loss of **$202,222.34** on its transactions in Vale securities on a LIFO basis during the Class Period.  *See* Loss Analysis, Keller Decl., Ex. B; *see also Faig*, 2013 WL 6705045, at *2 (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").  Accordingly, Boston has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

8

### 3.   Boston Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos*, 151 F. Supp. 3d at 477; *see also Faig*, 2013 WL 6705045, at *3 ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted). Here, Boston unquestionably satisfies both requirements.

### a.   Boston's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig*, 2013 WL 6705045, at *3. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Boston's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Boston alleges that Defendants made material misstatements and omissions regarding revenues and expenses on its long-term service projects in violation of the federal securities laws. Boston, as did all of the members of the Class, purchased Vale securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Because Boston's claims arise from the same course of events as do the claims of other class members, the typicality requirement is satisfied. *See Ophthotech*, 2018 WL 1307285, at *6.

### b.   Boston Satisfies the Adequacy Requirement of Rule 23

Boston likewise satisfies the adequacy requirement of Rule 23. The adequacy of

9

representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this Circuit assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (citing *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL No. 1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Boston will fairly and adequately represent the interests of the proposed Class. Boston unquestionably has resources sufficient to pursue the Action to a successful conclusion. Boston has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between Boston's interests and those of the absent Class members; rather, the interests of Boston and Class members are squarely aligned. Boston suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. In addition, Boston has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Finally, there is no proof that Boston is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Boston satisfies the adequacy requirement.

10

**4.     As An Institutional Investor, Boston Is Precisely The Type Of Lead Plaintiff Congress Envisioned When It Passed The PSLRA**

In addition to satisfying the requirements of Rule 23, Boston—a large, sophisticated institutional investor—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.  To this end, many courts, including courts in this Circuit, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs").

Boston is the paradigmatic lead plaintiff as contemplated by the PSLRA.   Boston's understanding of the responsibilities of a lead plaintiff is based, in part, on its experience serving as lead plaintiff in securities class actions and its demonstrated history of securing recoveries on

11

behalf of defrauded investors, which will benefit the Class. *See In re PTC Therapeutics, Inc. Sec. Litig.*, No. 16-cv-01224 (D.N.J.) ($14.75 million recovery); *In re Nu Skin Enters., Inc., Sec. Litig.*, No. 14-cv-00033 (D. Utah) ($47 million recovery); *In re Fannie Mae 2008 Sec. Litig.*, No. 08-cv-07831 (S.D.N.Y.) ($170 million recovery); *Rubin v. MF Global, Ltd.*, No. 08-cv-02233 (S.D.N.Y.) ($90 million recovery); *In re Huron Consulting Grp., Inc. Sec. Litig.*, No. 09-cv-04734 (N.D. Ill.) ($38 million recovery); and many others. Boston has also sought and currently serves as lead plaintiff in the ongoing actions: *In re Novo Nordisk Sec. Litig.*, No. 17-cv-00209 (D.N.J.); *Tung v. Dycom Industries, Inc.*; No. 18-cv-81448 (S.D. Fla.); *Klein v. Allergan plc*, No. 18-cv-12219 (S.D.N.Y.); and *Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, No. 19-cv-00235 (S.D.N.Y.).

Accordingly, Boston has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

### III.    BOSTON'S SELECTION OF CO-LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Rep. No. 104-369, at 35 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Boston has selected the law firms of Labaton Sucharow and Bernstein Litowitz to represent the Class. Both firms have excelled as lead counsel in numerous actions on behalf of defrauded investors, including noteworthy cases in this Circuit. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Sec. Litig.*, No. 04-cv-08141

(S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Sec. Litig.*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Keller Decl., Ex. D.

Likewise, Bernstein Litowitz is among the preeminent securities class action law firms in the country. Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class. More recently, Bernstein Litowitz secured a recovery of over $2.42 billion on behalf of the Class in *In re Bank of America Corp. Sec., Derivative & ERISA Litig.*, No. 09-md-02058 (S.D.N.Y.), a $1.06 billion recovery (inclusive of attorneys' fees) for the Class in *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.* MDL No. 01658 (D.N.J.), and a $730 million settlement in *In re Citigroup Inc. Bond Litig.*, No. 08-cv-09522 (S.D.N.Y.), for the benefit of the Class. Other examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *Plumbers & Pipefitters' Local #562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp.*, No. 08-cv-01713 (E.D.N.Y.) (recovering $280 million for investors—the largest securities class action recovery in this District); *Louisiana Municipal Police Employees' Retirement System v. Deloitte & Touche LLP*, No. 04-cv-00621 (E.D.N.Y.)

13

($163 million combined recovery, including $24 million recovered from the former auditor); and *In re American Home Mortgage Securities Litigation*, No. 07-md-01898 (E.D.N.Y) (recovering $37.25 million for investors). *See* Bernstein Litowitz Firm Resume, Keller Decl., Ex. E.

Furthermore, not only are Labaton Sucharow and Bernstein Litowitz each well-qualified and experienced law firms in their own right, but they have a successful track record of working together cooperatively as co-lead counsel.  For example, Labaton Sucharow and Bernstein Litowitz have served as co-lead counsel in several cases: *In re Schering-Plough Corp./ENHANCE Securities Litigation*, No. 08-cv-00397 (D.N.J.), in which they achieved a recovery of $473 million for the class; *In re Facebook, Inc. IPO Securities and Derivative Litig.*, No. 12-md-02389 (S.D.N.Y.), which recovered $35 million for investors; and *In re Virtus Investment Partners Inc. Sec. Litig.*, No. 15-cv-01249 (S.D.N.Y.), in which investors obtained a $22 million recovery.

In light of the foregoing, the Court should approve Boston's selection of Labaton Sucharow and Bernstein Litowitz as Co-Lead Counsel for the Class.  The Court can be assured that, by approving Boston's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Boston respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing Boston as Lead Plaintiff; (iii) approving Boston's selection of Labaton Sucharow and Bernstein Litowitz as Co-Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

14

DATED:  March 29, 2019

Respectfully submitted,

*/s/Christopher J. Keller*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
Hui M. Chang
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com
hchang@labaton.com

**BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP**
Gerald H. Silk
Hannah Ross
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444
jerry@blbglaw.com
hannah@blbglaw.com

*Counsel for Lead Plaintiff Movant
Boston Retirement System, and
Proposed Co-Lead Counsel for the
Class*

15