**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN RAUCH, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., FABIO SCHVARTSMAN, AND LUCIANO SIANI PIRES, <br><br> Defendants. | **CASE No.: 1:19-cv-00526-RJD-SJB** <br><br> **OPPOSITION OF MOSTACO CORP. TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br><br> **<u>CLASS ACTION</u>** |
| RICHARD EPSTEIN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VALE S.A., FABIO SCHVARTSMAN and LUCIANO SIANI PIRES, <br><br> Defendants. | **CASE No.: 1:19-cv-00793-RJD-SJB** <br><br> **<u>CLASS ACTION</u>** |

**PRELIMINARY STATEMENT[1]**

Before the Court are two competing lead plaintiff motions.[2] Of the competing movants, Mostaco Corp. ("Mostaco") has – by far – the largest financial interest with over $4.5 million in losses. Competing movant, the Colleges of Applied Arts and Technology Pension Plan ("CAAT Pension Plan"), claims a fraction of Mostaco's losses.  Because Mostaco has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA provides that Mostaco is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**ARGUMENT**

**I.   MOSTACO SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons…that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I).  Here, Mostaco suffered the largest loss of any movant, the factor that Courts across the country recognize as the most significant factor to be considered. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* No. 06CV1825NGGRER, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008)

---

[1]  On April 11, 2019, the related action, *Mihaescu v. Vale S.A., et al.*, Case No. 1:19-cv-01610-VM (S.D.N.Y.), was voluntarily dismissed without prejudice in favor of the actions pending in this Court.

[2]  On April 4, 2019, movant Fireman's Retirement System of St. Louis withdrew its lead plaintiff motion.  (Dkt. No. 22).  On April 8, 2019, movant Boston Retirement System filed a notice of non-opposition acknowledging that it did not have the largest financial interest.  (Dkt. No. 26). On April 9, 2019, movant Romica Mihaescu filed a notice of non-opposition acknowledging that he did not have the largest financial interest. (Dkt. No.  27).

1

(recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Mostaco's financial interest is several times more than the sum of all other present and former movants added together:

| Movant | Loss LIFO |
|---|---|
| 1. Mostaco | $4,540,287.45 |
| 2. CAAT Pension Fund | $912,956.15 |
| 3. Boston Retirement System | $202,222.34 |
| 4. Firemen's Retirement System of St. Louis | $31,102.00 |
| 5. Romica Mihaescu | $21,718.00 |

Moreover, as set forth in Mostaco's opening papers, it has made a *prima facie* showing of its adequacy and typicality. Mostaco's claims are typical of other class members because its claims arise from the same legal theories and same nucleus of fact. Mostaco's interests are aligned with other class members' interests as it has the same incentive to prove Defendants' fraud. There are no conflicts of interest between Mostaco and absent class members. *See* Opening Br. at 7. (Dkt. No. 13).

In short, because Mostaco has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. Mostaco should be appointed lead plaintiff and its selection of Lead Counsel should be approved.

2

## II.    THE PRESUMPTION IN FAVOR OF MOTACO HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Mostaco to be appointed Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mostaco. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mostaco, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration[.]"; *Labul, v. XPO Logistics, Inc.,* No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Proof of inadequacy, and not merely speculation, is required to rebut the presumption of most adequate plaintiff.").

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and

3

adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Mostaco has the largest financial interest and has made a *prima facie* demonstration of typicality and adequacy, and no movant has rebutted the presumption with proof, Mostaco must be appointed Lead Plaintiff.

## III. MOSTACO'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Mostaco has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. No. 13-4). Thus, the Court may be assured that by approving Mostaco's selection of counsel, the members of the class will receive excellent legal representation.

## IV. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Mostaco has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses. In no way is Mostaco conceding or acknowledging that the competing movants are adequate or that their claims are typical. Mostaco reserves the right to address the competing movants' adequacy or typicality, should the Court reach those motions.

## CONCLUSION

For the foregoing reasons, Mostaco respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Mostaco as Lead Plaintiff of the Class; (3) approving the Mostaco's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 12, 2019                      Respectfully submitted,

                                      **THE ROSEN LAW FIRM, P.A.**

                                      /s/ Phillip Kim
                                      Phillip Kim, Esq. (PK 9384)
                                      Laurence M. Rosen, Esq. (LR 5733)
                                      275 Madison Avenue, 34th Floor
                                      New York, New York 10016
                                      Telephone: (212) 686-1060
                                      Fax: (212) 202-3827
                                      Email: pkim@rosenlegal.com
                                      Email: lrosen@rosenlegal.com

                                      *[Proposed] Lead Counsel for Lead Plaintiff*
                                      *and Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 12, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>

6