**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN RAUCH, Individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br>       v. <br><br> VALE S.A., FABIO SCHVARTSMAN, AND LUCIANO SIANI PIRES, <br><br>       Defendants. | **CASE No.: 1:19-cv-00526-RJD-SJB** <br><br> **REPLY OF MOSTACO CORP. IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION** <br><br><br> **CLASS ACTION** |
| RICHARD EPSTEIN, Individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br>       v. <br><br> VALE S.A., FABIO SCHVARTSMAN and LUCIANO SIANI PIRES, <br><br>       Defendants. | **CASE No.: 1:19-cv-00793-RJD-SJB** <br><br> **CLASS ACTION** |

## PRELIMINARY STATEMENT[1]

The Colleges of Applied Arts and Technology Pension Plan ("CAAT Pension Plan") primarily advances two arguments in opposition to Mostaco Corp.'s ("Mostaco") Lead Plaintiff Motion: (a) Mostaco has net profits and thus is an improper net seller; and (b) that there is little publicly available about Mostaco or one of its directors, Leon Siman. CAAT Pension Plan's arguments are without merit.

## I.   MOSTACO HAS NET LOSSES AND IS NOT AN INAPPROPRIATE NET SELLER

The majority of Courts have applied Last-In-First-Out ("LIFO") methodology in assessing financial interest. *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at * 3 (S.D.N.Y May 31, 2012) (collecting cases). Under LIFO, "stocks acquired most recently are assumed to have been the first sold." *Id.* The reason why courts have adopted LIFO over First-in-First-Out ("FIFO") is because LIFO "take[s] into account gains that an investor might have made on the stock that were attributable to its artificial inflation as a result of the alleged fraud." *Id*.

CAAT Pension Plan argues that "Mostaco's loss analysis (ECF No. 13-3) is inconsistent with well-established LIFO principles" (Dkt. No. 29 at 3) because rather than applying Mostaco's April 7, 2017 sales (its first sales) to its last purchases, Mostaco should have applied its September 21, 2017 sales to its last purchases because Mostaco's first sales during the class period occurred prior to its first purchase during the class period. CAAT Pension Plan's argument is without merit. As noted above, LIFO is an assumption that provides that the last purchased shares are the first ones sold, that is the principle Mostaco applied. This approach is consistent with the logic behind courts' acceptance of LIFO – taking into account sales of class

---

[1] On April 11, 2019, the related action, *Mihaescu v. Vale S.A., et al.*, Case No. 1:19-cv-01610-VM (S.D.N.Y.), was voluntarily dismissed without prejudice in favor of the actions pending in this Court.

period shares when they are artificially inflated. Mostaco's April 7, 2017 sales were made when Vale S.A.'s shares were still artificially inflated and rather than being cancelled out by Mostaco's pre-class period holdings, they were properly matched to Mostaco's last purchases. Therefore, under LIFO, Mostaco has by far the largest financial interest – over $4.5 million in losses.[2]

Because Mostaco has net losses, Mostaco is not an inappropriate net seller. Courts reject net sellers when they have net gains. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *9 (N.D. Cal. Feb. 15, 2011) ("status as a net seller and a net gainer during the Class Period weighs against [movant's] appointment as the lead plaintiff."); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) (court declining to appoint net sellers that have net gains as lead plaintiffs).

CAAT Pension Plan's reliance on *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173 (W.D.N.Y. 2007), *opinion modified on denial of reconsideration,* No. 06-CV-6294T, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) actually supports Mostaco's position. That court declined to appoint a fund lead plaintiff because it was a net seller with net gains. Moreover, in addition to the fund's common stock transactions, the fund made money on the issuer's debt securities during the class period. *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03 CV 2166, 2004 WL 3314943, at *4 (N.D. Ohio May 12, 2004) also supports Mostaco's motion as the court refused to appoint net sellers who made profits on transactions and also used FIFO calculations. Movants there also sold all or most of their holdings prior to the alleged corrective disclosure and thus some of their losses were not attributable to the fraud. In *Weisz v. Calpine*

---

[2] Mostaco actually understated its losses in its initial loss chart. (Dkt. No. 25-2). The loss chart should have matched an additional 164,000 shares from its September 21, 2017 sale at $10.26/share to its class period purchases. The revised LIFO loss is $4.92 million. Whether the loss figure is $4.5 million or $4.92 million, it far exceeds CAAT Pension Plan's losses of $912,956.15.

*Corp.,* No. 4:02-CV-1200, 2002 WL 32818827, at *7 (N.D. Cal. Aug. 19, 2002) the court did not appoint a movant that was a net seller because it likely was a net gainer because of its use of FIFO methodology. In *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996 (N.D. Cal. 1999) the court acknowledged that a net seller that profited would be a factor against appointing it as lead plaintiff.  In *Andrada v. Atherogenics, Inc.*, No. 05 CIV. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) the court appointed a group of net sellers with net losses. The court in *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) did not appoint a net seller movant that purchased shares on the London Stock Exchange. And in *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 378 (E.D. Va. 2003) the court declined to appoint two funds as lead plaintiffs for several reasons, including they were net sellers with net gains, losses were calculated using FIFO, and one of the funds sold its shares before the alleged fraud was disclosed and thus, not damaged.

## II.    MOSTACO IS ADEQUATE

CAAT Pension Plan argues that "Mostaco should not be appointed lead plaintiff because it, as well Mr. Leon Simon [sic] who signed its certification (ECF No. 13-2), are shrouded in mystery, and have failed to provide the Court and the parties basic information about their ability or fitness to serve as lead plaintiff." (Dkt. No. 29 at 5). This argument is without merit on several levels.

Under the PSLRA, all Mosatco is required to do in order to trigger the presumptive lead plaintiff status is to have the largest financial interest, which it does, and to submit a sworn PSLRA certification.  It has done that.  15 U.S.C. § 78u–4(a); *Hansen v. Ferrellgas Partners, L.P.,* No. 16-CV-7840 (RJS), 2017 WL 281742, at *2 (S.D.N.Y. Jan. 19, 2017) ("The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the 'person or group of persons' who is a named plaintiff or timely movant, satisfies the requirements of Federal Rule of

Civil Procedure 23, and possesses 'the largest financial interest in the relief sought by the class.'"); *Hung v. iDreamSky Tech. Ltd.,* No. 15-CV-514 (JPO), 2016 WL 299034, at *5 (S.D.N.Y. Jan. 25, 2016) ("The PSLRA requires that '[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification ... stat[ing] that the plaintiff has reviewed the complaint and authorized its filing.'").

The burden then shifts to other movants, here CAAT Pension Plan, to attempt to rebut that presumption with *proof* that Mostaco is inadequate or atypical. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 CIV. 1273(NRB), 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (movant's "purported conflict of interest is theoretical" and therefore the attempt to rebut the presumption fails as it is based on conjecture); *Labul, v. XPO Logistics, Inc.,* No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Proof of inadequacy, and not merely speculation, is required to rebut the presumption of most adequate plaintiff."); *see, also In re Cendant Corp. Litig.,* 264 F.3d 201, 270 (3d Cir. 2001) ("[a]llegations of impropriety are not proof of wrongdoing."). Complaining about the absence of public information is not proof of inadequacy.  Indeed, if this were the case, then nearly every contested lead plaintiff motion would require protracted discovery and submissions from movants. In fact, CAAT Pension Plan has not cited any authorities requiring the inclusion of additional information to be appointed lead plaintiff.

Likewise, CAAT Pension Plan's counsel is well aware that if it really was entitled to such information about Mostaco it could have sought discovery under the PSLRA. However, discovery under the PSLRA is a high standard, and seeking discovery for the purpose of engaging in a fishing expedition to find proof of a movant's adequacy or atypicality are not grounds to permit discovery under the PSLRA. Rather, "[b]efore obtaining discovery in this regard, the objecting plaintiff must demonstrate a reasonable basis for a finding 'that the

4

presumptively most adequate plaintiff is incapable of representing the class.'" *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998). *See also, Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 539 (S.D.N.Y. 2015) (court denying discovery into movants' adequacy as movants already made "requisite preliminary showings of adequacy" and that the court "see[s] little to be found out in such discovery."); *Reimer,* 2008 WL 2073931, at *4 (court denying request for limited discovery on a movant's adequacy as it had not demonstrated a reasonable basis that the presumptive most adequate plaintiff was unable to adequately represent the class and "it is difficult to envision what actual 'limited' discovery [movant] would seek."); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347-348 (S.D.N.Y. 2009) (denying limited discovery into a movant's adequacy as movant "has not presented sufficient evidence to give rise to a reasonable basis on which to authorize discovery" and "such discovery will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome").[3]

Mostaco has demonstrated that it satisfies Rule 23's adequacy requirement by moving to be appointed Lead Plaintiff, filing the required certification, and selecting counsel – The Rosen Law Firm, P.A. – with the requisite skills, experience, and competence to prosecute the litigation vigorously and efficiently in the best interests of the Class. *See Kokkinis v. Aegean Marine*

---

[3] If the Court is inclined to give credence to CAAT Pension Plan's speculations, then Mostaco respectfully submits that there is insufficient public information about CAAT Pension Plan's decision to serve as Lead Plaintiff in this case and its relationship with its chosen counsel. As Judge Rakoff observed in *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization, LLC*, 616 F.Supp.2d 461, 463-66 (S.D.N.Y. 2009), many pension funds seeking lead plaintiff status also receive free investment monitoring services from the same law firms, which can create a disabling conflict of interest. There, the court held that "this practice, on its face, creates a clear incentive for [the law firm] to discover 'fraud' in the investments it monitors and to recommend to the Fund's non-lawyer administrator (and, through him, to the trustees) that the Fund, at no cost to itself, bring a class action lawsuit. In other words, the practice fosters the very tendencies toward lawyer-driver litigation that the PSLRA was designed to curtail." *Id.* at 464.

*Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at \*2-3 (S.D.N.Y. May 19, 2011) (movant's certification demonstrated adequacy to serve as lead plaintiff). The PSLRA certification that Mr. Siman executed on behalf of Mostaco explicitly states that "[t]he undersigned has the authority to execute this certification and to bind Mostaco Coro. To serve as Lead Plaintiff and to prosecute this action." (Dkt. No. 13-2). Although not required, Mr. Siman files herewith a declaration providing additional information about himself and Mostaco. Mostaco is a British Virgin Islands corporation with a registered office in Tortola, BVI. *See* Declaration of Leon Siman ("Siman Decl."), attached hereto as Exhibit 1, at ¶2. In his declaration, Mr. Siman declares that Mostaco's Board: (i) authorized him to sign the PSLRA Certification on behalf of Mostaco; and (ii) authorized the filing of Mostaco's motion for consolidation, appointment of lead plaintiff, and appointment of lead counsel.  Siman Decl. at ¶¶4-5. Thus, any concerns about Mr. Siman and his position at Mostaco should be assuaged.

## CONCLUSION

In sum, the Court should reject CAAT Pension Plan's arguments and: (1) consolidate the related actions; (2) appoint Mostaco as Lead Plaintiff; and (3) appoint The Rosen Law Firm, P.A. as Lead Counsel.

Dated: April 19, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
*[Proposed] Lead Counsel for Lead Plaintiff and Class*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim