**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN RAUCH, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>VALE S.A., FABIO SCHVARTSMAN, and LUCIANO SIANI PIRES,<br><br>              Defendants. | Civ. A. No. 1:19-cv-00526-RJD-SJB |
| RICHARD EPSTEIN, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>VALE S.A., FABIO SCHVARTSMAN and LUCIANO SIANI PIRES,<br><br>              Defendants. | Civ. A. No. 1:19-cv-00793-RJD-SJB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE COLLEGES OF APPLIED ARTS AND TECHNOLOGY PENSION PLAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

After two rounds of briefing, it is clear that the Colleges of Applied Arts and Technology Pension Plan ("CAAT Pension Plan"), has the largest financial interest in this litigation, is not subject to any disqualifying unique defenses, and therefore is the presumptive lead plaintiff. Indeed, in its opposition brief (ECF No. 28), Mostaco Corp. ("Mostaco") did not challenge CAAT Pension Plan's financial interest or argue that it is not qualified to serve as lead plaintiff.[1]

As a sophisticated institutional investor that is jointly governed by its Board of Trustees and Sponsor's Committee and managed by experienced investment professionals, CAAT Pension Plan is the prototypical lead plaintiff envisioned by Congress under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and its appointment would fulfill this critical legislative purpose.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  If appointed, the Court can rest assured that CAAT Pension Plan and its counsel, Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), will vigorously advocate on behalf of the proposed class of Vale S.A. ("Vale") shareholders.

**A. Mostaco Should Not Be Appointed Lead Plaintiff Because It Is a Net Seller That Profited from Its Class Period Transactions in Vale Shares**

Mostaco, of which the parties and the Court essentially know nothing, is disqualified from serving as lead plaintiff because it is a net seller of Vale shares who has profited from its transactions.  Courts in the Second Circuit and around the country decline to appoint net sellers as lead plaintiff.  ECF No. 29 at 6-8 (citing cases in the Second Circuit and from around the country declining to appoint net sellers as lead plaintiff).  Mostaco undeniably sold 888,000 more Vale

---

[1] Citations to "ECF No. __" refer to docket entries in the action captioned *Rauch v. Vale S.A.,* 19-cv-526-RJD-SJB (E.D.N.Y.).

1

shares than it purchased during the Class Period and has a net profit of over $7 million as a result of its transactions in Vale shares, as set forth below:

| Transaction Type | Trade Date | Price | Shares | Total Cost |
|---|---|---|---|---|
| Purchase | 04/21/2017 | $8.930 | 341,000 | $3,045,130.00 |
| Purchase | 04/27/2017 | $8.420 | 360,000 | $3,031,200.00 |
| Purchase | 10/13/2017 | $10.310 | 857,749 | $8,843,392.19 |
| Purchase | 10/08/2018 | $15.210 | 825,000 | $12,548,250.00 |
| Purchase | 10/08/2018 | $15.210 | 164,000 | $2,494,440.00 |
| **Total Class Period Purchases** | | | **2,547,749** | **$29,962,412.19** |
| | | | | |
| Sale | 04/07/2017 | $9.340 | (319,000) | ($2,979,460.00) |
| Sale | 04/07/2017 | $9.230 | (420,000) | ($3,876,600.00) |
| Sale | 04/10/2017 | $9.140 | (329,000) | ($3,007,060.00) |
| Sale | 09/21/2017 | $10.260 | (1,140,000) | ($11,696,400.00) |
| Sale | 09/21/2017 | $10.250 | (370,000) | ($3,792,500.00) |
| Sale | 05/24/2018 | $14.330 | (420,000) | ($6,018,600.00) |
| Sale | 07/09/2018 | $13.020 | (437,749) | ($5,699,491.98) |
| **Total Class Period Sales** | | | **(3,435,749)** | **($37,070,111.98)** |
| | | | | |
| | | | Net-Seller | ($7,107,699.79) |
| | | | Net-Shares | (888,000) |

*See* ECF No. 13-2 (certification stating Mostaco's class period purchases and sales). For this reason alone, the Court should deny Mostaco's motion.

Assuming, *arguendo*, the Court were to overlook Mostaco's status as a net seller who has profited, Mostaco's status as a net seller will be an impediment to class certification. In opposing class certification, defendants will inevitably argue that net seller Mostaco profited from its sale of Vale shares during the Class Period, arguably has no damages *and is not even a member of the proposed class*. *See* ECF No. 5, ¶ 42 (complaint filed by Mostaco's counsel alleging action brought on behalf of "a class consisting of all persons other than defendants who acquired Vale securities publicly traded on NYSE during the Class Period, *and who were damaged thereby* (the

'Class').") (emphasis added); *Gordon v. Sonar Capital Mgmt. LLC*, 92 F. Supp. 3d 193, 205 (S.D.N.Y. 2015) (denying class certification because, netting gains and losses, "the Court finds that [plaintiff] is subject to the potentially meritorious defense that he suffered no economic loss attributable to defendants' alleged wrongdoing" and that the Court "need not resolve [the appropriate measure of damages] as the inquiry at [the class certification stage] is whether [plaintiff] is 'subject to unique defenses which threaten to become the focus of this litigation.'")

Here, any purported loss claimed by net seller Mostaco, including its claimed and inflated LIFO loss, must be offset by its massive profit of over $7 million from its transactions in Vale shares during the Class Period.  Accordingly, the unique defense that Mostaco has profited from its transactions in Vale shares, has no damages and therefore no standing to assert claims on behalf of the proposed class will be a significant distraction and focus of defendants' efforts to deny class certification and damages at trial.  *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 59–60 (2d Cir. 2000) (affirming district court's finding that proposed class representative was atypical: "'class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation' . . .  [t]he district court's rejection of Dorflinger is proper in light of the 'danger that absent class members will suffer if their representative is preoccupied with defenses unique to [her].'") (citations omitted); *Beck v. Stains Game Corp.,* 1995 WL 422067, at *4 (S.D.N.Y. Jul. 14, 1995) (stating lead plaintiffs' claims are atypical where they may be preoccupied with rebutting unique defenses and it is not necessary that the Court decide "whether a unique defense ultimately will prove meritorious."); *see also Fogarazzo v. Lehman Bros., Inc.* 232 F.R.D 176, 180 (S.D.N.Y. 2005) (stating "the test is whether the defenses will become the focus of the litigation, overshadowing the primary claims and prejudicing other class members") (citations omitted).  For this additional reason, Mostaco's

motion should be denied.

### B. Mostaco Does Not Have the Largest Financial Interest under the *Lax/Olsten* Factors

Further, while Mostaco asserts that it has the largest loss under the "last-in first-out" or LIFO accounting methodology, this is not true. *See* ECF No. 29, at 2-5. Mostaco asserted that its purported financial loss was calculated using the LIFO accounting methodology, but in truth, Mostaco did not apply LIFO accounting principles. *Id.* Mostaco's argument that it was proper to match its April 7 and 10, 2017 sales to its Class Period purchases makes no sense and violates the LIFO accounting methodology. ECF No. 31 at 2. At the time of those sales, Mostaco had not purchased any inflated Vale shares during the Class Period. Under LIFO, Mostaco's "last-in" shares were purchased before the Class Period, and must be matched with its nearest sales—the sales on April 7 and 10, 2017.

When properly calculated under LIFO, Mostaco has a profit of $237,325. *See id.* at 2; ECF No. 30-1 (chart analyzing Mostaco's financial interest under LIFO and showing gain). CAAT Pension Plan—which indisputably has a LIFO loss of approximately $913,000, is a net purchaser with over $8.6 million net expenditures—has the largest financial interest as it prevails under three of the four *Lax/Olsten* factors. ECF No. 29 at 2.

### C. The Court Should Permit CAAT Pension Plan to Conduct Limited Discovery into the Ability of Mostaco to Serve as Lead Plaintiff

If the Court does not deny Mostaco's motion outright, CAAT Pension Plan respectfully requests that the Court grant limited discovery to determine whether Mostaco is capable of adequately representing the proposed Class. As set forth in its opposition brief (ECF No. 29 at 5), on April 4, 2019, counsel for CAAT Pension Plan sent a letter to Mostaco's counsel seeking information about Mostaco and its representative Mr. Leon Siman so that the Court and the parties

4

could evaluate Mostaco's adequacy.  *See* ECF No 30-2 (April 4, 2019 letter from CAAT Pension Plan's counsel to Mostaco's counsel).  To date, Mostaco's counsel has not responded, and the Declaration of Mr. Siman (ECF No. 31-1) does not come close to answering the outstanding questions.  Given that the PSRLA requires the Court to evaluate a proposed lead plaintiff under Rule 23, and that Mostaco is unwilling or unable to provide the Court and the parties information about its adequacy, CAAT Pension Plan has a reasonable basis for the Court to order limited discovery from Mostaco.

When another plaintiff "demonstrates a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class," the PSLRA permits discovery relating to whether that party "is the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iv).  As set forth above, a reasonable basis exists to justify limited discovery of Mostaco given the dearth of information in the record concerning Mostaco and Mr. Siman, their lack of transparency and failure to provide the most basic information about their adequacy.  *See In re Barrick Gold Corp. Sec. Litig.*, No. 17 CIV. 3507 (NRB), 2017 WL 4862779, at *2 (S.D.N.Y. Oct. 4, 2017) (granting "request for leave to conduct limited discovery into [competing movant's] adequacy"); *see also Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) ("the lack of transparency and publically [sic] available information about [opaque investment fund movant] makes it impossible for the parties and the court to determine whether or not [the fund] is a typical investor"); *In re Network Assocs. Inc., Securities Litigation.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (allowing discovery concerning a movant's background, qualifications, and adequacy, and finding the information gathered during the short depositions to have proven "illuminating"); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 (FLW), 2007 WL 2683636, at *3 (D. N.J. Sept. 7, 2007) (granting limited

5

discovery of prospective lead plaintiff); *Piven v. Skyes Enters.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (rejecting lead plaintiff movant where there was a "dearth of information" in the record, and it was "not even known where [the movant] is located, what its business is, if it is a foreign company, and who controls it.").

CAAT Pension Plan has demonstrated a reasonable basis for limited discovery of Mostaco. If outstanding questions raised in CAAT Pension Plan's April 4 letter are not clarified and resolved now, they almost certainly will come back to haunt the proposed Class at class certification, and they could jeopardize the claims on behalf of the proposed Class. Accordingly, the Court should order limited discovery of Mostaco in order to obtain a full understanding of its capacity to serve in the role of lead plaintiff.

## D. Conclusion

For the foregoing reasons and those set forth in CAAT Pension Plan's opening and opposition briefs (ECF Nos. 6, 29), CAAT Pension Plan respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) appoint CAAT Pension Plan as lead plaintiff; (3) approve CAAT Pension Plan's selection of Kaplan Fox as lead counsel for the proposed Class; and (4) deny Mostaco's motion.

Dated: April 19, 2019                                      Respectfully submitted,

*/s/         Frederic S. Fox*
Frederic S. Fox
Donald R. Hall
Jeffrey P. Campisi
Pamela A. Mayer
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
ffox@kaplanfox.com

6

dhall@kaplanfox.com
jcampisi@kaplanfox.com
pmayer@kaplanfox.com
juris@kaplanfox.com

*Attorneys for Movant the Colleges of Applied
Arts and Technology Pension Plan*

7

## CERTIFICATE OF SERVICE

I, Frederic S. Fox, hereby certify that, on April 19, 2019, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Frederic S. Fox*
Frederic S. Fox