UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In Re VALE S.A. SECURITIES LITIGATION

**MEMORANDUM & ORDER**
19 CV 526 (RJD) (SJB)

---------------------------------------------------------------- x

DEARIE, District Judge:

This is a putative class action filed on behalf of investors who purchased publicly traded securities of Vale S.A. ("Vale") between June 2016 and February 2019. Plaintiffs allege that prior to the January 2019 collapse of the Vale-owned Feijao tailings dam in Brazil, Vale and various Vale executives violated securities laws by making misstatements in SEC filings regarding the safety of the dam and risk of collapse. Vale now moves to transfer this action to the Southern District of New York ("SDNY") pursuant to 28 U.S.C. § 1404(a). Vale, who is defending another securities class action in SDNY arising out of alleged misstatements following a different dam collapse in November 2015, claims that transfer is warranted because (i) the Lead Plaintiff in this action has no meaningful connection to the Eastern District of New York ("EDNY") and (ii) transfer will promote judicial economy and the interests of justice because the issues in the SDNY and EDNY action are "exceedingly similar." For the reasons set forth below, Vale's motion to transfer is denied.

LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010). While motions to transfer "lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis," In re

Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992), the analysis is typically guided by a two-part inquiry: "(1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer," Forgone v. California, 425 F. App'x 73, 74 (2d Cir. 2011).[1] Courts evaluate "the interests of justice and convenience of the parties and witnesses" taking into account a combination of factors, D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); however, "[t]here is no strict formula…and no single factor is determinative," Delta Air Lines v. Ass'n of Flight Attendants, 720 F. Supp. 2d 213, 217 (E.D.N.Y. 2010).

Where the motion to transfer relates to the Eastern and Southern Districts of New York— a "relatively short walk across the Brooklyn Bridge"— many of the typical factors evaluated in motions to transfer are considered "neutral" and the primary considerations become (i) plaintiff's choice of forum, and (ii) the interests of justice and judicial economy. Wald v. Bank of America Corp., 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012); see also Park v. McGowan, 2011 WL 6329797, at *4 (E.D.N.Y. Dec. 16, 2011) ("Given the specifically close proximity of the Eastern and Southern Districts of New York, most of the factors bearing on transfer are neutral…Neither district offers a clear advantage for the convenience of parties or witnesses, the location of relevant documents or sources of proof, or compelling the testimony of witnesses").

Ultimately, the moving party bears the burden of demonstrating "that the transfer is justified," Xiu Feng Li v. Hock, 371 F. App'x 171, 175 (2d Cir. 2010), and in deciding a motion to transfer, courts must apply the "clear and convincing evidence standard," Forjone, 425 F. App'x at 74.

---

[1] The parties do not dispute that this action could have initially been brought in SDNY—the transferee court.

2

DISCUSSION

I.      Plaintiff's Choice of Forum.

While the Plaintiff's choice of forum is "normally entitled to considerable deference . . . this presumption does not apply where there is little material connection between the chosen forum and the facts or issues of the case," Cook v. UBS Fin. Servs., Inc., 2006 WL 760284, at *7 (S.D.N.Y. Mar. 21, 2006), nor does it apply with any great force in the context of a class action. Warrick v. Gen. Elec. Co., 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("[T]he plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action"). Plaintiff's choice of forum is, nevertheless, entitled to *some* deference, even in the context of a class action. Stoltz v. Fage Dairy Processing Indus., 2015 WL 5579872, at *6 (E.D.N.Y. Sept. 22, 2015) ("Although a plaintiff's choice of forum is given less weight in the class action context, a representative plaintiff's choice is still entitled to some deference").

The Lead Plaintiff elected to bring this action in a district with no meaningful connection to the Complaint's allegations. The Lead Plaintiff is not from the Eastern District of New York—or the Southern District of New York for that matter—and there are no allegations in the Complaint or representations from either party that any of the misstatements underlying the claims in the Complaint were made in or otherwise bore some specific connection to this district. Though these factors detract from the deference typically afforded to the Plaintiff's choice of forum, some modest level of deference is nevertheless warranted. Without tipping the balance considerably, Plaintiff's choice of forum weighs marginally in favor of proceeding in the Eastern District of New York.

3

II.    The Interests of Justice and Judicial Economy.

It may also be appropriate to transfer venue in the interests of justice and judicial economy where there is a related action in the transferee district and consolidating the actions in a single district—likely before a single judge—would promote more efficient discovery, avoid inconsistent results, and "sav[e] time and expense for both parties and witnesses." Wald, 856 F. Supp. 2d at 550. To this end, Vale argues that the issues in this action and the SDNY action are "exceedingly similar," and, as in Wald, the overlapping witnesses, evidence and legal issues between the two actions favor transfer to SDNY. On the other hand, Plaintiffs contend that Vale overstates Wald's applicability to the facts of this case because this litigation concerns "a different dam break, different statements, and a different class period," than the dam break, statements, and class period at issue in the SDNY litigation. See ECF No. 37. Plaintiffs also argue that transferring venue at this stage will only cause delay, without considerable cost savings.

Vale's reliance on Wald is indeed misplaced, and the Court agrees that the interests of justice and judicial economy counsel in favor of continuing to litigate this action in this district. In Wald, the Court transferred an ERISA class action from EDNY to SDNY, where a securities class action had been filed arising from "the same underlying factual predicate." Wald, 856 F. Supp. 2d at 550. In concluding transfer was warranted, the Court observed that (i) "the same fact-finding" was "critical" to establishing the Defendants' liability in both actions, (ii) the actions contained "similar allegations and named some of the same defendants," (iii) there was "substantial factual overlap between the cases" making it "highly likely that parties in both actions [would] need access to the same witnesses and proof," and (iv) it was apparent that

transfer would "avoid duplicate discovery" and generate significant cost savings to all parties. Id. at 550-51.

Here, unlike Wald, though some of the Defendants and witnesses will be the same across both actions, any common witnesses will be questioned about different facts arising out of different dam collapses in different parts of Brazil. For example, Plaintiffs note that "the great bulk of relevant witnesses and evidence for this action is located in or originates from the *local branch office*" of the collapsed dam, a dam that is over 100 kilometers away from the dam at issue in the SDNY action. See ECF No. 37. The general nature of the alleged conduct and overarching legal issues might be similar across both actions, but because the factual bases underlying the EDNY and SDNY actions are different, and the majority of the witnesses are unique to each of the collapsed dams, it is not at all apparent that much, if any, efficiencies will be realized, or costs will be saved, if this action is transferred and consolidated with the SDNY action.

In Wald, the factors weighing in favor of transfer were considerably more compelling than those here, notwithstanding the fact that in Wald the EDNY and SDNY actions arose out of two different statutory schemes. Ultimately, with respect to these parties and this action, the Court is not persuaded that transfer would achieve real efficiencies sufficient to overcome the inevitable delays and "disruptive effect of a transfer." Park, 2011 WL 6329797, at *4 ("Although the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of the case"). On the other hand, Judge Bulsara is well-equipped to commence tailored and efficient discovery in short order, having already invested significant time familiarizing himself with the facts of the case in deciding Plaintiffs' motion to consolidate.

5

## CONCLUSION

Vale has not made the requisite clear and convincing showing that the Southern District is a "superior forum," id., and thus its motion to transfer this case to the Southern District of New York is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September _9_, 2019

                                     s/Raymond J. Dearie
                                      RAYMOND J. DEARIE
                                      United States District Judge