# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mark A. Kirsch
Direct: +1 212.351.2662
Fax: +1 212.351.6362
MKirsch@gibsondunn.com

March 20, 2020

<u>VIA ECF</u>

The Honorable Raymond J. Dearie
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     <u>*In re: Vale S.A. Securities Litigation*</u>, No. 19 Civ. 526 (RJD) (SJB)

Dear Judge Dearie:

We write respectfully on behalf of Defendant Vale S.A. ("Vale") in opposition to Plaintiff's extraordinary motion to lift in part the mandatory stay of discovery ("Mot.") (Dkt. No. 69) imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* 15 U.S.C. § 78u-4(b)(3)(B). In short, Plaintiff fails to meet the exacting standard for such relief. First, Plaintiff does not—and cannot—identify any purported "undue prejudice." *Id.* Second, Plaintiff's indiscriminate demand for documents flouts the PSLRA's requirement of "particularized" discovery requests. *Id.* For both—or either—of these reasons, the Court should deny Plaintiff's motion.

## BACKGROUND

On October 25, 2019, Plaintiff filed its Consolidated Class Action Complaint (the "Complaint") (Dkt. No. 47), which asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 based on the collapse of an iron ore tailings dam located at Vale's Córrego do Feijão mine in Brumadinho, Minas Gerais, Brazil ("Dam 1"). Vale has moved to dismiss the Complaint with prejudice on no less than six independent grounds that establish Plaintiff's failure to state actionable claims. Dkt. Nos. 64, 65, 67.

Faced with Vale's case-ending motion, Plaintiff seeks to escape the PSLRA's mandatory stay of discovery and obtain immediately all documents and transcripts of testimony that Vale has provided to a disparate collection of at least eight different Brazilian government agencies or authorities "investigating or prosecuting Vale" in the wake of Dam 1's collapse. Mot. at 1.

**GIBSON DUNN**

March 20, 2020
Page 2

## DISCUSSION

Plaintiff's motion is a thinly veiled gambit to remedy the fatal flaws in its Complaint—"a fishing expedition of the sort the PSLRA discovery stay was designed to avoid." *M & M Hart Living Tr. v. Glob. Eagle Entm't, Inc.*, 2017 WL 5642326, at *3 (C.D. Cal. Aug. 18, 2017); *see Gruber v. Gilbertson*, 2017 WL 3891701, at *1 (S.D.N.Y. Sept. 5, 2017) (noting that Congress enacted PSLRA to prevent plaintiffs from using discovery process to extract settlements or obtain evidence to fashion claims).

To overcome the PSLRA's stay, Plaintiff must convince the Court that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [Plaintiff]." 15 U.S.C. § 78u-4(b)(3)(B). As explained below, Plaintiff has failed to meet its burden.

### A.      The PSLRA Discovery Stay Imposes No Undue Prejudice on Plaintiff

Plaintiff's motion rests solely on a claim of "undue prejudice." "Courts in this Circuit . . . have required that '*exceptional circumstances*' be present to lift the discovery stay on this ground." *In re Petrobras Sec. Litig.*, 2015 WL 13653969, at *1 (S.D.N.Y. Apr. 13, 2015) (explaining that "undue prejudice" under PSLRA must involve "improper or unfair treatment") (emphasis added) (citation omitted). Applying this high bar, courts in this Circuit regularly—and summarily—deny motions to partially lift the mandatory stay of discovery. *See, e.g., id.* at *2; *Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 490 (S.D.N.Y. 2009); *In re Amtrust Fin. Servs., Inc. Sec. Litig.*, No. 17-cv-1545 (LAK), Dkt. No. 129, at 1 (S.D.N.Y. Oct. 11, 2018).

Judge Kaplan's decision in *Amtrust* is particularly instructive. Plaintiffs there advanced an argument virtually identical to the one offered by Plaintiff here, claiming that they would be "unduly prejudiced if they [were] denied access to materials that defendants [had] already produced to the SEC." *See* 17-cv-1545 (LAK), Dkt. No. 129, at 1. In rejecting plaintiffs' motion, Judge Kaplan explained that "[t]he fact of an ongoing government investigation or enforcement proceedings—and the possibility of a settlement on the horizon—does not establish that a party will be unduly prejudiced absent access to the same discovery produced to the government." *Id*. (citing *Petrobras*, 2015 WL 13653969 at *1–2; *Kuriakose*, 674 F. Supp. 2d at 487–89).

Indeed, given that "the existence of parallel government enforcement proceedings is commonplace in actions subject to the PSLRA," *Petrobras*, 2015 WL 13653969, at *2, Plaintiff's argument here essentially "would create an exception that would swallow the PSLRA's automatic discovery stay," *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011). Thus, courts regularly conclude that there is nothing improper or unfair about a company producing documents to "government

**GIBSON DUNN**

March 20, 2020
Page 3

entities . . . that [a PSLRA] Plaintiff[] must wait to obtain." *Kuriakose*, 674 F. Supp. 2d at 489 (citing *380544 Canada, Inc. v. Aspen Tech. Inc.*, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007)). Any discrepancy between PSLRA actions and governmental investigations "is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently." *In re Refco*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006); *see also Kuriakose*, 674 F. Supp. 2d at 487 ("[C]ourts do not routinely lift the PSLRA discovery stay when the requested documents have already been provided to government investigators." (citations omitted)).

Plaintiff's motion ignores this overwhelming authority, and instead falls back on easily distinguished cases involving unique circumstances not present here. In *WorldCom*, for example, the PSLRA plaintiff and plaintiffs in a related ERISA litigation already had been ordered "to prepare for [coordinated] settlement discussions." 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002). The court therefore concluded that the PSLRA plaintiff would have been "severely disadvantaged in those discussions" given that the requested documents would "in all likelihood soon be in the hands of the ERISA plaintiffs." *Id.* at 305–06. "WorldCom was in bankruptcy," moreover, which created "the very real risk that [the PSLRA plaintiff would] be left to pursue its action against defendants who no longer ha[d] anything or at least as much to offer." *Petrobras*, 2015 WL 13653969, at *1 (quoting *WorldCom*, 234 F. Supp. 2d at 306)). Not so here.

In *LaBranche*, the PSLRA Plaintiffs faced a similar urgent decision "whether or not to seek an early settlement to benefit the class without further expense" given defendants already had settled with the SEC. 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004). The *LaBranche* court was careful to distinguish the facts of its case—where there was "an *actual* settlement"—from those cases where the PSLRA stay remained in place notwithstanding the *theoretical possibility* of some future government settlement. *Id.* at 183. Again, Plaintiff does not—and cannot—argue that the unique circumstances in *LaBranche* somehow are analogous to the present case. The "mere possibility that Plaintiff[] could be prejudiced if settlement talks ensue in the future . . . is not enough for the Court to find that Plaintiff[] will suffer undue prejudice." *Kuriakose*, 674 F. Supp. 2d at 489–90 (alteration in original) (citation omitted).

In *Bank of America*, defendants' motion to dismiss a parallel derivative action in Delaware had been denied, and the consolidated cases in the Southern District "include[d] ERISA and derivative actions, as to which the PSLRA stay [did] not apply." 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009).[1] Here, in contrast, there is no other private action

---

[1]   To the extent Plaintiff is suggesting that "*Bank of America* stands for the proposition that plaintiffs are unduly prejudiced by the mere fact that discovery is proceeding in other cases

**GIBSON DUNN**

March 20, 2020
Page 4

in which discovery is proceeding.  Nor is Plaintiff somehow competing for limited settlement dollars with other private plaintiffs who have access to the documents Plaintiff seeks, and Plaintiff fails to identify any cognizable risk that it will be "prevent[ed] . . . from obtaining relief in any form."  *Fisher v. Kanas*, 2006 WL 2239038, at *3 (E.D.N.Y. Aug. 4, 2006).

Indeed, Plaintiff's own motion exposes its failed attempt to fashion the *exceptional circumstances* necessary to lift the PSLRA stay.  According to Plaintiff, there is "a Brazilian shareholder action underway . . . not subject to the PSLRA discovery stay."  Mot. at 2.  The most charitable view of this statement would attribute its grossly misleading nature to Plaintiff's ignorance of basic facts and legal principles in Brazil.  Lest Plaintiff's motion leave the Court with any misimpression, there is no legal proceeding pending in Brazil that even remotely resembles a securities class action.  And, even if there were, "[t]here is no pretrial discovery of documents in Brazil comparable to that permitted in our federal courts." *See Manela v. Garantia Banking Ltd.*, 940 F. Supp. 584, 590 (S.D.N.Y. 1996) (further observing that "the opportunity for obtaining discovery of documents in Brazil is quite limited").  Plaintiff's misstatement appears to rest on two private confidential arbitrations brought by a collection of specifically identified minority shareholders of Vale and the Brazilian Institute of Corporate Activism and Governance (which Vale has moved to consolidate).  To date, no arbitrators have even been appointed, there has been no discovery, and, more important, plaintiffs in that proceeding will have *no automatic right to any discovery*.  *See* BM&FBOVESPA S.A. – Securities, Commodities and Futures Exchange Rules of the Market Arbitration Chamber § 4.6, *available at* http://cbar.org.br/site/wp-content/uploads/2019/01/bovespa-regulation.pdf ("[T]he Arbitration Tribunal . . . shall decide what evidence is useful and necessary to settle the dispute and establish the procedures and order for the production of evidence."); *accord AmTrust*, 17-cv-1545 (LAK), Dkt. No. 129, at 1 (noting plaintiffs' failure to "allege that parties in related [shareholder] actions have or soon will have access to the discovery that is the subject of this motion").

**B.      The Discovery Sought by Plaintiff Is Not Sufficiently Particularized**

The Court also should deny Plaintiff's motion because Plaintiff's indiscriminate effort to obtain all "documents and transcripts of testimony Defendant Vale has produced, or will produce, to several government entities investigating or prosecuting Vale" falls far short of meeting the PSLRA's limiting standard of  "particularized" discovery.  Mot. at 1.  Plaintiff essentially seeks "an open-ended, boundless universe of [documents]," *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998), that fails to "identif[y] specific types of evidence that fall within its scope," *STMicroelectronics N.V. v. Credit Suisse Grp.*, 2009 WL 10695214, at

---

causing the PSLRA plaintiffs comparatively to be less able to make informed decisions regarding litigation strategy," such a proposition does not reflect "an accurate interpretation of the law in this circuit."  *Kuriakose*, 674 F. Supp. 2d at 489 n.3.

**GIBSON DUNN**

March 20, 2020
Page 5


*1 (E.D.N.Y. Apr. 27, 2009) (quoting *Fisher*, 2006 WL 2239039, at *2); *see also, e.g.*, *M & M Hart Living Tr.*, 2017 WL 5642326, at *3.

Courts routinely reject motions seeking similar undifferentiated requests for discovery given the likelihood that the documents requested may "not [be] relevant to the securities fraud claim." *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003) (rejecting as insufficiently particularized a request for documents previously "produced in connection with civil and criminal investigations for misconduct by defendants, which form[ed] a basis of the . . . class action"); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) ("[M]any of the previously produced documents were 'possibly irrelevant' to the claims likely to be asserted in the consolidated complaint."); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005) ("The documents produced in response to those investigations, however, are voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint.").

Here, the vast universe of materials at issue encompasses a broad range of subjects and issues involving no less than eight different Brazilian government agencies or authorities. Plaintiff does not limit its requested documents to those that are actually purportedly relevant to its Complaint. And even if Plaintiff had done so, it would be unduly burdensome—and contrary to one of the principle goals of the PSLRA—to require Vale to sift through this broad universe to identify an appropriately narrower collection.

## CONCLUSION

Because Plaintiff fails to satisfy the exacting burden for altering the mandatory PSLRA discovery stay, Vale respectfully requests that the Court deny Plaintiff's motion.


Respectfully submitted,


 */s/* Mark A. Kirsch
Mark A. Kirsch


cc: All Counsel of Record (*via ECF*)