**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re Vale S.A. Securities Litigation

No. 19 Civ. 526 (RJD) (SJB)

CLASS ACTION

---------------------------------------------------------x

## DEFENDANTS' JOINT ANSWER TO THE COMPLAINT

On May 20, 2020, the Court issued a Memorandum and Order (the "May 20, 2020 Order") denying Defendant Vale S.A.'s ("Vale" or the "Company") Motion to Dismiss Lead Plaintiff's Consolidated Class Action Complaint (the "Complaint"). In the May 20, 2020 Order, however, the Court found that a number of the Complaint's allegations failed to articulate or support actionable claims. Portions of the Complaint, therefore, are inoperative and do not require a response. Vale and Individual Defendants Murilo Ferreira, Fabio Schvartsman, Luciano Siani Pires, Gerd Peter Poppinga, and Luiz Eduardo Froes do Amaral Osorio (collectively, "Defendants") respond to the remaining allegations of the Complaint as follows:

## GENERAL DENIAL

Defendants deny any and all liability under Section 10(b), 15 U.S.C. § 78j(b), of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5, 17 C.F.R. § 240.10b-5, and Section 20(a), 15 U.S.C. § 78t(a), of the Exchange Act. Further, the Complaint contains allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required; to the extent a response is required, such allegations are denied. In addition, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent a response is required, such allegations are denied. The Complaint also includes a number of section headings, to which no response is required; to the extent a response is required, any allegations implicit in such headings are denied.

## SPECIFIC RESPONSES

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.  Defendants deny the allegations to the extent that they purport to characterize or draw conclusions from the Final Report of the Brazilian Senate Parliamentary Commission of Inquiry ("CPI Report") referenced in the quote directly above Paragraph 1, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

## I.      "PRELIMINARY STATEMENT"

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 to the extent they concern the members of the Class, except admit that this is a securities class action.

3.      Defendants deny the allegations set forth in Paragraph 3 to the extent they characterize the facts of the Dam 1 collapse, except admit that Dam 1 collapsed on January 25, 2019, releasing water and mining materials that resulted in fatalities and property and environmental damage to certain areas, primarily in the state of Minas Gerais.  Defendants further deny the allegations to the extent that they purport to characterize or draw conclusions from a referenced report by Brazil's SOS Atlantic Forest Foundation, which speaks for itself. Defendants respectfully refer the Court to that publicly available document for a complete and accurate statement of its contents.

4.      Defendants deny the allegations set forth in Paragraph 4 to the extent they characterize the facts of the Fundão Dam collapse, except admit that on November 5, 2015, the Fundão Dam—located in Minas Gerais, Brazil, and owned and operated by Samarco Mineração S.A.—collapsed, releasing water and mining materials that resulted in fatalities and property and environmental damage to certain areas, primarily in the state of Minas Gerais.

2

5.      Defendants deny the allegations set forth in Paragraph 5, except admit that there were changes in Brazil's national dam safety policy and in Vale's organizational structure after the Mariana dam collapse, and that Vale created a specific division to improve dam risk management and periodically convened an Independent Panel of Experts for Safety and Risk Management of Geotechnical Structures to advise Vale on dam risks and safety management.

6.      Paragraph 6 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 6.

7.      Paragraph 7 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 7.

8.      Defendants deny the allegations set forth in Paragraph 8 to the extent they purport to characterize or draw conclusions from Vale's 2017 and 2018 Sustainability Reports, which speak for themselves.  Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

9.      Defendants deny the allegations set forth in Paragraph 9.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from an April 10, 2018 article in *Valor Econômico*, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

10.     Defendants deny the allegations set forth in Paragraph 10 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.

11.     Paragraph 11 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 11.

12.     Defendants admit the allegations set forth in Paragraph 12.

13.     Defendants deny the allegations set forth in Paragraph 13, except admit that Brazil's federal police department, federal prosecutor's office, and the Minas Gerais state prosecutor's office jointly sent a set of recommendations to Vale's board of directors on March 1, 2019 ("Prosecutors' Letter").  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

14.     Defendants deny the allegations set forth in Paragraph 14.  Defendants further deny the allegations to the extent the allegations in Paragraph 14 purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

15.     Defendants deny the allegations set forth in Paragraph 15.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

16.     Defendants deny the allegations set forth in Paragraph 16 to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

17.     Defendants admit the allegations set forth in Paragraph 17.

18.     Defendants admit the allegations set forth in Paragraph 18.

19.     Defendants deny the allegations set forth in Paragraph 19.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

20.     Defendants deny the allegations set forth in Paragraph 20.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

21.     Defendants deny the allegations set forth in Paragraph 21.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

22.     Defendants deny the allegations set forth in Paragraph 22.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

23.     Defendants deny the allegations set forth in Paragraph 23.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report and the documents and testimony cited therein, which speak for themselves.  Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

24.    Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 24.

25.    Defendants deny the allegations set forth in Paragraph 25, except admit that Dam 1 collapsed on January 25, 2019, and that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

26.    Paragraph 26 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 26.

27.    Paragraph 27 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27.

28.    Defendants deny the allegations set forth in Paragraph 28, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a February 4, 2019 Bloomberg article, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

29.    Paragraph 29 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 29, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

30.    Paragraph 30 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 30.

## II.     "JURISDICTION AND VENUE"

31.     Paragraph 31 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 31.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33.

## III.    "PARTIES"

### A.     "Plaintiff"

34.     Defendants deny that the CAAT Pension Plan ("Lead Plaintiff") was damaged and deny that any of the claims asserted against Defendants in the Complaint are valid. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 regarding Lead Plaintiff, its business, or its purported transactions in Vale Securities.

### B.     "Defendants"

35.     Defendants admit the allegations set forth in Paragraph 35.

36.     Paragraph 36 contains conclusions of law to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 36, except admit that Murilo Ferreira has served as Vale's Chief Executive Officer, and that he participated in certain of Vale's conference calls with analysts and/or investors.  Defendants further deny the allegations to  the extent they purport to characterize or draw conclusions from Vale's annual reports, which speak for themselves.  Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

7

37. Paragraph 37 contains conclusions of law to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 37, except admit that Fabio Schvartsman has served as Vale's Chief Executive Officer, that he holds degrees in production engineering and business administration, and that he participated in certain of Vale's conference calls with analysts and/or investors. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Vale's annual reports, which speak for themselves. Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

38. Paragraph 38 contains conclusions of law to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 38, except admit that Luciano Siani Pires has served as Vale's Executive Director of Finance and Investor Relations, that he was involved with Vale's Business Risk Management division, and that he participated in certain of Vale's conference calls with analysts and/or investors. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Vale's annual reports, which speak for themselves. Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

39. Paragraph 39 contains conclusions of law to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 39, except admit that Gerd Peter Poppinga has served as Vale's Executive Director of Ferrous Minerals and Coal and as Vale's Executive Director of Ferrous Minerals, and that he participated in certain of Vale's conference calls with analysts and/or investors. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the testimony referenced in

8

Paragraph 39, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

40. Paragraph 40 contains conclusions of law to which no response is required. Defendants deny the remaining allegations set forth in Paragraph 40, except admit that Luiz Eduardo Froes do Amaral Osorio has served as Vale's Executive Director of Sustainability and International Business and that he participated in certain of Vale's conference calls with analysts and/or investors.

41. Defendants admit the allegations set forth in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 44.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 45.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 46.

47. Paragraph 47 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 47.

## IV. "BACKGROUND FACTS"

### A. "Dam 1 Background Information"

48. Defendants admit the allegation set forth in Paragraph 48.

49.     Defendants deny the allegations set forth in Paragraph 49 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter.

50.     Defendants deny the allegations set forth in Paragraph 50 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.

51.     Defendants deny the allegations set forth in Paragraph 51 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter.

52.     Defendants deny the allegations set forth in Paragraph 52 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.

53.     Defendants deny the allegations set forth in Paragraph 53 to the extent they purport to characterize or draw conclusions from Vale's Form 6-K filed with the SEC on January 28, 2019 as referenced in Paragraph 53, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

**B.     "Brazilian Dam Regulation Requires Periodic Reviews and Reports Regarding Dam Stability"**

54.     Paragraph 54 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations because they purport to characterize or draw conclusions from Brazilian Law 12.334 ratified on September 20, 2010, referenced in Paragraph 54, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

55.     Paragraph 55 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations because they purport to characterize or draw conclusions from the regulations promulgated by the Departamento Nacional de Produção Mineral referenced in Paragraph 55, which speak for themselves. Defendants respectfully refer the Court to those publicly available regulations for a complete and accurate statement of their contents.

56.     Defendants deny the allegations set forth in Paragraph 56 to the extent they oversimplify or mischaracterize various aspects of the Stability Condition Statement that, to the extent relevant, will be the subject of expert testimony in this matter.

57.     Defendants admit the first sentence of Paragraph 57.  Defendants deny the remaining allegations set forth in Paragraph 57 to the extent they purport to characterize or draw conclusions from Vale's public statements, which speak for themselves.  Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

**C.     "On November 5, 2015, a Dam in Mariana that was Co-Owned by Vale Collapsed"**

58.     Defendants deny the allegations set forth in Paragraph 58 to the extent they suggest Vale "owned" the Fundão Dam or the Fundão mining complex.   Defendants admit that on November 5, 2015, the Fundão Dam—located in Minas Gerais, Brazil, and owned and operated by Samarco Mineração S.A.—collapsed, releasing water and mining materials that resulted in fatalities and property and environmental damage to certain areas.  Defendants deny the remaining allegations in Paragraph 58 to the extent they attempt to draw conclusion from the Fundão Dam accident.

11

59.     Defendants deny the allegations set forth in Paragraph 59 because they oversimplify and mischaracterize the effects of a tailings dam collapse that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations in Paragraph 59, to the extent they purport to characterize or draw conclusions from a technical report issued by the Brazilian Institute of Environment and Renewable Natural Resources referenced in Paragraph 59, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 to the extent they concern whether "[t]he Mariana tragedy brought heightened scrutiny to the risk posed by upstream tailings dams in Brazil."  Defendants otherwise admit that new dam safety audit and reporting requirements became effective in May 2017.

**D.     "Prior to the Start of the Class Period, Defendants Were Aware of Significant Stability Concerns with Dam 1"**

61.     Defendants deny the allegations set forth in Paragraph 61.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

62.     Defendants deny the allegations set forth in Paragraph 62.

63.     Defendants deny the allegations set forth in Paragraph 63 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they  purport to characterize or draw conclusions from the risk analysis

referenced in Paragraph 63, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

**E.   "Top Management—Including the Individual Defendants—Were Fully Informed of Significant Dam Risks"**

64.   Defendants admit that Vale created the Geotechnical Risk Management division and the Business Risk Management division.  Defendants deny the allegations set forth in Paragraph 64 to the extent they purport to characterize or draw conclusions from Defendant Poppinga's testimony before the CPI, which speaks for itself.  Defendants respectfully refer the Court to this publicly available testimony for a complete and accurate statement of its contents.

65.   Defendants deny the allegations set forth in Paragraph 65.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Defendant Poppinga's testimony before the CPI, which speaks for itself.  Defendants respectfully refer the Court to this publicly available testimony for a complete and accurate statement of its contents.

66.   Defendants deny the allegations set forth in Paragraph 66.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Defendant Poppinga's testimony before the CPI, which speaks for itself.  Defendants respectfully refer the Court to this publicly available testimony for a complete and accurate statement of its contents.

67.   Defendants admit the allegations set forth in Paragraph 67.

**F.   "By No Later than July 2016, Defendants Knew or Recklessly Disregarded by that Dam 1 Had a High Probability of Failure And Submitted a Stability Condition Statement for It Irrespective of that Fact"**

68.   Defendants deny the allegations set forth in Paragraph 68 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that,

13

to the extent relevant, will be the subject of expert testimony in this matter, except admit that Defendant Poppinga sent an email on July 7, 2016.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Defendant Poppinga's email, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

69.     Defendants admit the allegations set forth in Paragraph 69.

70.     Defendants deny the allegations set forth in Paragraph 70, except admit that Geoconsultaria finalized liquefaction analyses on July 15, 2016 and July 26, 2016.  Defendants deny the allegations to the extent they purport to characterize or draw conclusions from the Geoconsultaria analyses, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

71.     Defendants deny the allegations set forth in Paragraph 71 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that Defendant Poppinga sent an email on October 4, 2016.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Defendant Poppinga's October 4, 2016 email, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

72.     Defendants admit the allegations set forth in Paragraph 72.

**G.     "Defendants Knew or Recklessly Disregarded that Dam 1 Had a High Probability of Failure in 2017 and 2018"**

73.     Defendants deny the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that,

14

to the extent relevant, will be the subject of expert testimony in this matter, except admit that in February 2017 Vale retained Potamos Engineering and Hydrology, Ltd.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Potamos's report, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

75.     Defendants deny the allegations set forth in Paragraph 75 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that in November 2017 that Felipe Rocha made a presentation at the second international PIESEM meeting.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Felipe Rocha's presentation, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

76.     Defendants deny the allegations set forth in Paragraph 76 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Felipe Rocha's presentation, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

77.     Defendants deny the allegations set forth in Paragraph 77 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Felipe

15

Rocha's presentation, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

78.    Defendants deny the allegation in Paragraph 78 that they had knowledge of the unacceptable risk of Dam 1, and deny the remaining allegations because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from documents in Campanha's office, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

79.    Defendants deny the allegations set forth in Paragraph 79 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the final report from the October 2018 International PIESEM panel, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

80.    Defendants deny the allegations set forth in Paragraph 80 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from documents in Campanha's office, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

81.     Defendants deny the allegations set forth in Paragraph 81.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Campanha's testimony, which speaks for itself.  Defendants respectfully refer the Court to that testimony for a complete and accurate statement of its contents.

82.     Defendants deny the allegations set forth in Paragraph 82, except admit that Campanha was informed that all of Vale's dams received DCEs.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a series of emails in June 2018, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

83.     Defendants deny the allegations set forth in Paragraph 83 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny that Vale's board and management were aware of problems with Dam 1 threatening its stability.  Finally, Defendants deny the allegations to the extent they purport to characterize or draw conclusions from emails or the CPI Report, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

84.     Defendants deny the allegations set forth in Paragraph 84 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a report from the third International PIESEM panel and internal Vale emails, which speak for themselves.

Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

85.     Defendants deny the allegations set forth in Paragraph 85 because they oversimplify or mischaracterize various aspects of iron mining operations and tailing dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a PIESEM report, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

86.     Defendants deny the allegations set forth in Paragraph 86 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a PIESEM report, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

**H.     "Defendants Systematically Acted to Obtain Stability Condition Statements for Dam 1 Even Though it Did Not Meet Vale's Stability Threshold"**

87.     Defendants deny the allegations set forth in Paragraph 87.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from "multiple investigations", including the CPI, which speak for themselves.  Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

88.     Defendants deny the allegations set forth in Paragraph 88 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further

deny the allegations, to the extent they to characterize or draw conclusions from a Potamos report, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

89. Defendants deny the allegations set forth in Paragraph 89 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a Potamos presentation, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

90. Defendants deny the allegations set forth in Paragraph 90 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.

91. Defendants deny the allegations set forth in Paragraph 91 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants further deny the allegations to the extent they imply it was improper for Vale to approve TÜV SÜD's DCE for Dam 1 and deny that TÜV SÜD submitted the DCE for Dam 1 under pressure from Vale. Finally, Defendants deny the allegations to the extent they purport to characterize or draw conclusions from a TÜV SÜD DCE, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

92. Defendants deny the allegations set forth in Paragraph 92 to the extent they imply Dam 1 should not have received a DCE or that Vale pressured TÜV SÜD to provide a DCE for Dam 1. Defendants further lack knowledge or information sufficient to form a belief as to the

19

truth of the allegations set forth in Paragraph 92 to the extent they concern TÜV SÜD's internal emails.  Finally, Defendants deny the allegations to the extent they purport to characterize or draw conclusions from TÜV SÜD's internal emails, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

93.     Defendants deny the allegations set forth in Paragraph 93.

94.     Defendants deny the allegations set forth in Paragraph 94 because they oversimplify or mischaracterize various aspects of iron mining operations that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that TÜV SÜD provided a DCE certifying Dam 1's stability in September 2018.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from TÜV SÜD's 2018 Dam Safety Audit, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

95.     Defendants deny the allegations set forth in Paragraph 95 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from TÜV SÜD's February 2019 letters to the Minas Gerais state prosecutors' office, which speak for themselves.  Defendants respectfully refer the Court to those document for a complete and accurate statement of their contents.

96.     Defendants deny the allegations set forth in Paragraph 96 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that

20

certain of Vale's tailings dams declared various emergency levels. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

I.    **"Defendants Failed to Address Additional Alarming Events that Suggested a High Risk of Dam 1 Liquefaction"**

97.    Defendants deny the allegations set forth in Paragraph 97 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, the Prosecutors' Letter, or TÜV SÜD's 2018 Dam Safety Audit, which speak for themselves. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

98.    Defendants deny the allegations set forth in Paragraph 98 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that, on the recommendation of certain auditors, Vale attempted to lower the water level at Dam 1 by installing DHPs and that certain issues arose during the installation of DHP 15.

99.    Defendants deny the allegations set forth in Paragraph 99 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that Vale hired certain consultants to study the issues that arose during the installation of DHP 15. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the consultants' technical memorandum, which speaks for itself. Defendants

21

respectfully refer the Court to that document for a complete and accurate statement of its contents.

100.   Defendants deny the allegations set forth in Paragraph 100 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that Vale contracted with TÜV SÜD  to investigate certain measures potentially to be taken at Dam 1.

101.   Defendants deny the allegations set forth in Paragraph 101 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

102.   Defendants deny the allegations set forth in Paragraph 102 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report or the email referenced therein, which speak for themselves.  Defendants respectfully refer the Court to those document for a complete and accurate statement of their contents.

103.   Defendants deny the allegations set forth in Paragraph 103 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a March

9, 2018 email, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

104.    Defendants deny the allegations set forth in Paragraph 104 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from TÜV SÜD's 2018 Dam Safety Audit or a report cited by the CPI, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

105.    Defendants deny the allegations set forth in Paragraph 105 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Marilene Lopes's testimony to the federal police and the MPMG, which speaks for itself.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

106.    Defendants admit the allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Alexandre Campanha's testimony to the MPMG, which speaks for itself.  Defendants

respectfully refer the Court to that document for a complete and accurate statement of its contents.

**J.      "Investigations by the Federal Police, Federal Prosecutor, and Minas Gerais State Prosecutor"**

108.    Defendants deny the allegations set forth in Paragraph 108, except admit that Brazil's federal police department, federal prosecutor's office, and the Minas Gerais state prosecutor's office jointly sent a letter to Vale's board of directors.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

109.    Defendants deny the allegations set forth in Paragraph 109.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

110.    Defendants deny the allegations set forth in Paragraph 110.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

111.    Defendants deny the allegations set forth in Paragraph 111.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the Prosecutors' Letter, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

112.    Defendants admit the allegations set forth in Paragraph 112.

**K.**    **"Investigation by Brazilian Senate CPI"**

113.    Defendants deny the allegations set forth in Paragraph 113, except admit that Brazil's senate conducted a CPI investigation related to the Dam 1 collapse.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

114.    Defendants deny the allegations set forth in Paragraph 114.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

115.    Defendants deny the allegations set forth in Paragraph 115.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

116.    Defendants deny the allegations set forth in Paragraph 116.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the CPI Report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

117.    Defendants admit the allegations set forth in Paragraph 117.

**L.**    **"Minas Gerais' House of Representatives' Investigation ('State CPI')"**

118.    Defendants deny the allegations set forth in Paragraph 118 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that the House of Representatives of the state of Minas Gerais conducted an investigation related to the

Dam 1 collapse.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the State CPI report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

119.    Defendants deny the allegations set forth in Paragraph 119 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the State CPI report, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

120.    Defendants admit the allegations set forth in Paragraph 120.

**M.    "Subsequent Company Disclosures"**

121.    Defendants deny the allegations set forth in Paragraph 121 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter, except admit that Vale responded to an inquiry from The Church of England Pension Fund and Swedish Council of Ethics of the AP Funds concerning its tailings dams.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Vale's Form 6-K filed with the United States Securities and Exchange Commission (the "SEC") on June 10, 2019 as referenced in Paragraph 121, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

122.    Defendants deny the allegations set forth in Paragraph 122 because they oversimplify or mischaracterize tailings dams stability certifications that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to

the extent they purport to characterize or draw conclusions from Vale's Form 6-K filed with the SEC on June 10, 2019 as referenced in Paragraph 122, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

123.    Defendants deny the allegations set forth in Paragraph 123 to the extent they purport to characterize or draw conclusions from Vale's Form 6-K filed with the SEC on June 10, 2019 as referenced in Paragraph 123, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

124.    Defendants deny the allegations set forth in Paragraph 124 to the extent they purport to characterize or draw conclusions from Vale's Form 6-K filed with the SEC on June 10, 2019 as referenced in Paragraph 124, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

## V.    "DEFENDANTS PUBLICLY MISREPRESENTED AND CONCEALED MATERIAL FACTS THROUGHOUT THE CLASS PERIOD"

### A.    "July 28, 2016 Conference Call with Analysts"

125.    Paragraph 125 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 125.

126.    Paragraph 126 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 126.

**B.**  **"October 27, 2016 Conference Call with Analysts"**

127.   Defendants deny the allegations set forth in Paragraph 127 to the extent they purport to characterize or draw conclusions from a transcript of the October 27, 2016 conference call referenced in Paragraph 127, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

128.   Defendants deny the allegations set forth in Paragraph 128.

**C.**  **"November 29, 2016 NYC Vale Day"**

129.   Paragraph 129 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  Defendants deny the remaining allegations set forth in Paragraph 129 to the extent they purport to characterize or draw conclusions from the presentation from Vale's November 29, 2016 Vale Day conference referenced in Paragraph 129, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

130.   Defendants deny the allegations set forth in Paragraph 130.

**D.**  **"February 23, 2017 Form 6-K"**

131.   Paragraph 131 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 131.

132.   Paragraph 132 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 132.

133.   Defendants deny the allegations set forth in Paragraph 133 to the extent they purport to characterize or draw conclusions from the presentation from Vale's Form 6-K filed on February 23, 2017 with the SEC referenced in Paragraph 133, which speaks for itself.

Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

134. Defendants deny the allegations set forth in Paragraph 134.

**E.   "2016 Annual Report filed April 11, 2017"**

135. Defendants deny the allegations set forth in Paragraph 135 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 135, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

136. Defendants deny the allegations set forth in Paragraph 136.

137. Paragraph 137 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 137.

138. Defendants deny the allegations set forth in Paragraph 138 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 138, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

139. Paragraph 139 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 139.

140. Paragraph 140 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 140.

141. Defendants deny the allegations set forth in Paragraph 141.

142. Defendants deny the allegations set forth in Paragraph 142 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 142, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

143. Paragraph 143 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 143.

144. Defendants deny the allegations set forth in Paragraph 144.

145. Defendants deny the allegations set forth in Paragraph 145 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 145, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

**F.    "2016 Sustainability Report"**

146. Defendants admit the allegations set forth in Paragraph 146.

147. Paragraph 147 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. Defendants deny the remaining allegations set forth in Paragraph 147 to the extent they purport to characterize or draw conclusions from Vale's 2016 Sustainability Report referenced in Paragraph 147, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

148. Defendants deny the allegations set forth in Paragraph 148 to the extent they purport to characterize or draw conclusions from Vale's 2016 Sustainability Report referenced in Paragraph 148, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

149.    Defendants deny the allegations set forth in Paragraph 149.

150.    Defendants deny the allegations set forth in Paragraph 150 to the extent they purport to characterize or draw conclusions from Vale's 2016 Sustainability Report referenced in Paragraph 150, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

151.    Defendants deny the allegations set forth in Paragraph 151 to the extent they purport to characterize or draw conclusions from Vale's 2016 Sustainability Report referenced in Paragraph 151, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

152.    Defendants deny the allegations set forth in Paragraph 152.

**G.     "May 16, 2017 Form 6-K"**

153.    Defendants deny the allegations set forth in Paragraph 153 to the extent they purport to characterize or draw conclusions from Vale's May 16, 2017 Form 6-K filed with the SEC referenced in Paragraph 153, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

154.    Defendants deny the allegations set forth in Paragraph 154.

**H.     "May 22, 2017 Statements Quoted in *Época Negócios*"**

155.    Paragraph 155 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 155.

156.    Paragraph 156 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 156.

**I.      "May 30, 2017 Form 6-K"**

157.     Defendants deny the allegations set forth in Paragraph 157 to the extent they purport to characterize or draw conclusions from Vale's May 30, 2017 Form 6-K filed with the SEC referenced in Paragraph 157, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

158.     Defendants deny the allegations set forth in Paragraph 158 to the extent they purport to characterize or draw conclusions from Vale's May 30, 2017 Form 6-K filed with the SEC referenced in Paragraph 158, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

159.     Defendants deny the allegations set forth in Paragraph 159.

**J.      "December 6, 2017 NYC Vale Day"**

160.     Paragraph 160 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 160.

161.     Defendants deny the allegations set forth in Paragraph 161 to the extent they purport to characterize or draw conclusions from the presentation made at Vale's December 6, 2017 Vale Day referenced in Paragraph 161, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

162.     Defendants deny the allegations set forth in Paragraph 162.

**K.      "December 8, 2017 London Vale Day"**

163.     Defendants deny the allegations set forth in Paragraph 163 to the extent they purport to characterize or draw conclusions from the presentation from Vale's December 8, 2017 Vale Day event in London referenced in Paragraph 163, which speaks for itself.  Defendants

respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

164. Defendants deny the allegations set forth in Paragraph 164 to the extent they purport to characterize or draw conclusions from the presentation from Vale's December 8, 2017 Vale Day event in London referenced in Paragraph 164, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

165. Defendants deny the allegations set forth in Paragraph 165.

**L.      "February 27, 2018 Form 6-K"**

166. Defendants admit the allegations set forth in Paragraph 166.

167. Paragraph 167 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 167.

168. Defendants deny the allegations set forth in Paragraph 168 to the extent they purport to characterize or draw conclusions from Vale's February 27, 2018 Form 6-K filed with the SEC referenced in Paragraph 168, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

169. Defendants deny the allegations set forth in Paragraph 169.

**M.      "March 20, 2018 Form 6-K"**

170. Paragraph 170 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 170.

171.    Paragraph 171 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 171.

172.    Paragraph 172 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 172.

173.    Paragraph 173 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 173.

### N.    "April 10, 2018 *Valor Econômico* Article"

174.    Defendants deny the allegations set forth in Paragraph 174 to the extent they purport to characterize or draw conclusions from an April 10, 2018 article in *Valor Econômico*, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

175.    Defendants deny the allegations set forth in Paragraph 175.

### O.    "2017 Annual Report filed April 13, 2018"

176.    Defendants admit the allegations set forth in Paragraph 176.

177.    Paragraph 177 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 177.

178.    Paragraph 178 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 178.

179.    Paragraph 179 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 179.

180.    Paragraph 180 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 180.

181.    Paragraph 181 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 181.

182.    Defendants deny the allegations set forth in Paragraph 182 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 182, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

183.    Defendants deny the allegations set forth in Paragraph 183.

184.    Defendants deny the allegations set forth in Paragraph 184 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 184, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

185.    Paragraph 185 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 185

186.    Defendants deny the allegations set forth in Paragraph 186.

187.    Defendants deny the allegations set forth in Paragraph 187 to the extent they purport to characterize or draw conclusions from Vale's Form 20-F filed with the SEC referenced in Paragraph 187, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

P.    **"2017 Sustainability Report"**

188.    Defendants deny the allegations set forth in Paragraph 188.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Vale's 2017 Sustainability Report referenced in Paragraph 188, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

189.    Defendants deny the allegations set forth in Paragraph 189 to the extent they purport to characterize or draw conclusions from Vale's 2017 Sustainability Report referenced in Paragraph 189, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

190.    Paragraph 190 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 190.

191.    Defendants deny the allegations set forth in Paragraph 191 to the extent they purport to characterize or draw conclusions from Vale's 2017 Sustainability Report referenced in Paragraph 191, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

192.    Paragraph 192 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 192.

193.    Paragraph 193 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 193.

194.    Defendants deny the allegations set forth in Paragraph 194.

195.    Defendants deny the allegations set forth in Paragraph 195 to the extent they purport to characterize or draw conclusions from Vale's 2017 Sustainability Report referenced in Paragraph 195, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

196.    Defendants deny the allegations set forth in Paragraph 196.

**Q.    "December 11, 2018 ESG Webinar"**

197.    Defendants deny the allegations set forth in Paragraph 197 to the extent they purport to characterize or draw conclusions from a presentations relating to Vale's ESG Webinar referenced in Paragraph 197, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

198.    Defendants deny the allegations set forth in Paragraph 198.

**R.    "January 28, 2019 Form 6-K"**

199.    Defendants deny the allegations set forth in Paragraph 199 because they oversimplify or mischaracterize various aspects of iron mining operations and tailings dams that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from Vale's January 28, 2019 Form 6-K filed with the SEC referenced in Paragraph 199, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

200.    Defendants deny the allegations set forth in Paragraph 200.

## VI.    "ECONOMIC LOSS AND LOSS CAUSATION"

201.    Paragraph 201 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 201.

202.    Paragraph 202 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 202, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

203.    Defendants deny the allegations set forth in Paragraph 203, except admit that Dam 1 collapsed on January 25, 2019.

204.    Defendants deny the allegations set forth in Paragraph 204 to the extent they characterize the facts of the Dam 1 collapse, except admit that Dam 1 collapsed on January 25, 2019, releasing water and mining materials that resulted in fatalities and property and environmental damage to certain areas, primarily in the state of Minas Gerais. Defendants further deny the allegations to the extent that they purport to characterize or draw conclusions from news reports or Vale's public statements, which speak for themselves. Defendants respectfully refer the Court to those publicly available documents for a complete and accurate statement of their contents.

205.    Paragraph 205 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 205, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

206.    Paragraph 206 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 206.

207.    Paragraph 207 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 207.

208.    Paragraph 208 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 208.

209.    Paragraph 209 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 209.

210.    Defendants deny the allegations set forth in Paragraph 210, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a February 4, 2019 *Bloomberg* article, which speaks for itself. Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

211.    Paragraph 211 includes allegations that were rejected by the May 20, 2020 Order, and thus no response to those allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 211.

212.    Defendants deny the allegations set forth in Paragraph 212 to the extent they purport to characterize or draw conclusions from a February 6, 2019 article in *The Guardian*, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

213.   Defendants deny the allegations set forth in Paragraph 213 to the extent they purport to characterize or draw conclusions from a February 6, 2019 article in *The Wall Street Journal*, which speaks for itself.  Defendants respectfully refer the Court to this publicly available document for a complete and accurate statement of its contents.

214.   Defendants deny the allegations set forth in Paragraph 214, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

215.   Paragraph 215 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 215, except admit that Vale's historical ADS share prices and trading volumes are publicly available and speak for themselves.

## VII.   "ADDITIONAL ALLEGATIONS OF THE INDIVIDUAL DEFENDANTS' SCIENTER"

216.   Paragraph 216 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 216.

217.   Paragraph 217 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 217, except admit that Vale filed periodic reports with the SEC and that Vale made disclosures through means such as press releases.

218.   Paragraph 218 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 218.

219.   Paragraph 219 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 219.

220.    Paragraph 220 contains conclusions of law to which no response is required. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 regarding Lead Plaintiff's and other putative Class members' decisions to purchase Vale Securities.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 220.

## VIII.    "CLASS ACTION ALLEGATIONS"

221.    Paragraph 221 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 221.

222.    Paragraph 222 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 222, except admit that the number of Vale Securities outstanding is publicly available and speaks for itself.

223.    Paragraph 223 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 223.

224.    Paragraph 224 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 224.

225.    Paragraph 225 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 225.

226.    Paragraph 226 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 226.

## IX.    "PRESUMPTION OF RELIANCE"

227.    Paragraph 227 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 227.

228.     Paragraph 228 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 228, except admit that Vale filed periodic reports with the SEC, that Vale made public disclosures through means such as press releases, that Vale was followed by certain securities analysts, and that Vale's Securities were traded on the NYSE.

229.     Paragraph 229 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 229.

230.     Paragraph 230 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 230.

**X.     "NO SAFE HARBOR"**

231.     Paragraph 231 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 231.

**XI.     "CLAIMS FOR RELIEF"**

### "COUNT I

**For Violation of Section 10(b) of the Exchange Act and Rule 10b-5(b)
Against All Defendants"**

232.     Responding to Paragraph 232, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

233.     Paragraph 233 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 233.

234.     Paragraph 234 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 234.

235.     Paragraph 235 contains conclusions of law to which no response is required.  Defendants also lack knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 235 regarding Lead Plaintiff's and other putative Class members' decisions to purchase Vale Securities.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 235.

236.    Paragraph 236 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 236.

## "COUNT II

### For Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a) & (c) Against All Defendants"

237.    Responding to Paragraph 237, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

238.    Paragraph 238 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 238.

239.    Paragraph 239 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 239.

240.    Paragraph 240 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 240.

241.    Paragraph 241 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 241.

242.    Paragraph 242 contains conclusions of law to which no response is required. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 regarding Lead Plaintiff's and other putative Class members' decisions to purchase Vale Securities.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 242.

43

**"COUNT III**

**For Violation of Section 20(a) of the Exchange Act
Against Individual Defendants"**

243.    Responding to Paragraph 243, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

244.    Paragraph 244 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 244.

245.    Paragraph 245 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 245.

246.    Paragraph 246 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 246.

**XII.    "PRAYER FOR RELIEF"**

247.    WHEREFORE, Defendants deny that Lead Plaintiff or the putative class have any valid claims against them.  Defendants further deny that Lead Plaintiff or the other putative Class members are entitled to any of the relief requested, including a judgment, class damages, costs, or any other relief.

**XIII.    "JURY DEMAND"**

248.    Defendants deny that any of the claims asserted against them in the Complaint are valid, but Defendants demand a trial by jury for all claims so triable.

44

## DEFENSES

The following statement of defenses does not assume the burden of proof for any issue as to which applicable law places the burden on Lead Plaintiff.  Defendants expressly reserve the right to amend and/or supplement their defenses as information becomes available and as may be necessary.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants did not make a misstatement or omission of material fact.

## THIRD DEFENSE

Defendants did not know, and in the exercise of reasonable care could not have known, that any statement made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## FOURTH DEFENSE

Defendants lacked the requisite scienter, including specific intent to deceive, and/or willfulness, necessary to establish violations of the securities laws.

## FIFTH DEFENSE

Defendants are not liable because they acted in good faith at all times, and any alleged misrepresentations or omissions by Defendants were based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

45

**SIXTH DEFENSE**

Defendants are not liable because any alleged misrepresentations by Defendants were forward-looking statements accompanied by meaningful cautionary language and/or risk disclosures and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and/or are not actionable under the bespeaks caution doctrine.

**SEVENTH DEFENSE**

Lead Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were non-actionable expressions of opinion.

**EIGHTH DEFENSE**

Lead Plaintiff's claims are barred, in whole or in part, because allegedly undisclosed material facts were publicly known.

**NINTH DEFENSE**

Lead Plaintiff's claims are barred, in whole or in part, because it did not actually rely, or did not reasonably rely, on any statement or omission by Defendants.  Further, Lead Plaintiff is not entitled to any presumption of reliance.

**TENTH DEFENSE**

Lead Plaintiff's claims are barred, in whole or in part, and/or Lead Plaintiff is not entitled to a presumption of reliance, because the purported misstatements or omissions alleged in the Complaint did not impact the market price of Vale securities.

**ELEVENTH DEFENSE**

Lead Plaintiff cannot demonstrate that any alleged conduct or inaction of Defendants caused the losses for which Lead Plaintiff seeks to recover damages.

## TWELFTH DEFENSE

Lead Plaintiff's claims are improperly brought, and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action because the class is not ascertainable.

## FOURTEENTH DEFENSE

This action cannot be maintained as a class action because Lead Plaintiff cannot satisfy the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.

## FIFTEENTH DEFENSE

This action cannot be maintained as a class action because Lead Plaintiff cannot satisfy the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

This action cannot be maintained as a class action because Lead Plaintiff cannot satisfy the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

This action cannot be maintained as a class action because Lead Plaintiff cannot satisfy the adequacy requirement of Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

This action cannot be maintained as a class action because individual issues predominate over issues common to the putative class.

## NINETEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

47

## TWENTIETH DEFENSE

This action cannot be maintained as a class action because a class action is not a superior means of adjudication.

## TWENTY-FIRST DEFENSE

The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-SECOND DEFENSE

Lead Plaintiff's claims are barred, in whole or in part, to the extent that Lead Plaintiff or any persons on whose behalf it purports to act, did not purchase or sell Vale securities during the relevant period, and/or because Lead Plaintiff otherwise lacks standing.

## PRAYER

WHEREFORE, Defendants deny any and all liability and demand judgment in their favor and dismissal of the Complaint with prejudice, together with such other relief as the Court deems just and proper.

Dated:   August 27, 2020          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Mark A. Kirsch*           
    Mark A. Kirsch
    Randy M. Mastro
    Christopher M. Joralemon
    Mary Beth Maloney
    David M. Kusnetz

    200 Park Avenue
    New York, NY  10166-0193
    Telephone:      212.351.4000
    Facsimile:      212.351.4035

    *Attorneys for Defendants Vale S.A.,*
    *Murilo Ferreira, Fabio Schvartsman,*
    *Luciano Siani Pires, Gerd Peter Poppinga,*
    *and Luiz Eduardo Froes do Amaral Osorio*