*Appendix A*

CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as 'confidential' provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

—X  Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, competitively sensitive information, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

X  Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

X  Medical and Legal Records, including medical files and reports.

X  Non-public criminal history.

X  Any information the Producing Party is contractually or legally obligated to keep confidential.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This

designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated 'confidential' shall be shown only to the attorneys, parties, experts, consultants, actual or proposed witnesses, court personnel, insurers, counsel to the insurers, any mediator or arbitrator that the parties engage in this matter or that this Court appoints, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Review of the confidential documents and information by the aforementioned individuals shall not waive the confidentiality of the documents or objections to production. The parties agree that any confidential discovery material produced in this litigation may only be used solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding in connection with this litigation. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(e) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as 'confidential,' the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(f) Any purported inadvertent production of privileged discovery material will be governed by Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).

(e)(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. The party shall serve upon counsel for the producing party a written notice stating with particularity the grounds for the objection. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) Any party who requests additional limits on disclosure (such as "attorneys' eyes only"

2

in extraordinary circumstances) shall serve upon counsel for the producing party a written notice stating with particularity the grounds for the request. In the event that the parties cannot reach an agreement promptly, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(e)(i)    If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless independent good cause is demonstrated.

(j)  If the receiving party of any confidential discovery material is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the receiving party to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly give written notice to the producing party and include with such notice a copy of the subpoena or request, at least 10 days before any disclosure. The receiving party to whom the subpoena is directed also must promptly inform in writing the person or entity that caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Order, and deliver a copy of this Order promptly to that person or entity. The producing party shall bear all responsibility for any objection to the production of such confidential discovery material, except that the receiving party shall not voluntarily make any production of another's confidential discovery material until resolution of any objections interposed by the producing party, unless compelled or otherwise required by law. Nothing in this Order shall be construed as authorizing a party to disobey any law or court order requiring the production of confidential discovery material.

(e)(k)    Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(l)  This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom confidential discovery material is produced or disclosed.

(e)(m)    In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(e)(n)    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: January 19, 2021                    **KAPLAN FOX & KILSHEIMER LLP**

/s/  *Frederic S. Fox*
Frederic S. Fox
Donald R. Hall
Jeffery Campisi
Melinda Campbell
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Counsel for Lead Plaintiff Colleges of Applied Arts and Technology Pension Plan and the Class

Dated: January 19, 2021                    **GIBSON, DUNN & CRUTCHER LLP**

/s/  *Mark A. Kirsch*
Mark A. Kirsch
Randy M. Mastro
Christopher M. Joralemon
Mary Beth Maloney
David M. Kusnetz
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Counsel for Defendants

Dated:

Counsel for _____

Dated:                                     _____
                                           United States Magistrate Judge

4