# EXHIBIT 6

WACHTELL, LIPTON, ROSEN & KATZ

51 W. 52ND ST. · 212-403-1000 · HMWACHTELL@WLRK.COM

February 23, 2021

**<u>BY ECF</u>**

The Honorable Louis L. Stanton
United States District Court Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *In re Grupo Televisa Securities Litigation*,
         No. 1:18-cv-01979-LLS

Dear Judge Stanton:

We write in response to Robbins Geller's February 22, 2021 letter.

On January 21, 2021, Your Honor ordered Robbins Geller to produce "*all documents* and information arguably relevant" to the firm's candor regarding its failure to disclose CAAT's disqualifying short position. ECF No. 183 at 2. Then, after Robbins Geller divulged via letter that its knowledge of this short position *predated* its lead plaintiff motion, ECF No. 185 at 1, the Court made plain that this belated admission was not remotely enough: Robbins Geller was still ordered to produce "*at least . . .* all documents and information arguably relevant to the decision not to disclose." ECF No. 191 at 1–2.  Indeed, the February 8, 2021 Order was unequivocal in directing that a "full showing" on the disclosure question remains "imperative." *Id.* at 1. After all, this Court had been clear that the issue should "be argued with the depth and accuracy that both parties, and counsel, deserve."  ECF No. 183 at 2.  But Robbins Geller does not want to permit such argument.  Notwithstanding this Court's repeated instruction to produce "*all* documents," Robbins Geller has produced not a *single* one, and listed on its privilege log the grand total of eight new documents, all going back to March 2018.

This letter will address two points: (1) the relentless efforts that Robbins Geller has undertaken to avoid this Court's Orders; and (2) the fact that, under the black-letter law of this Circuit, Robbins Geller has waived any claim of privilege and/or work product by putting its good faith directly at issue.

I.      **Robbins Geller has repeatedly failed to heed this Court's discovery orders.**

Instead of a "full showing" of the documents related to CAAT's Arrowstreet short position and Robbins Geller's concealment thereof throughout this litigation, Robbins Geller has come forward with repeated representations of good faith and reprisals of legal arguments that Your Honor has already rejected. *See* ECF No. 185 at 1; ECF No. 192 at 2; ECF No. 194 at 1; *see also* ECF No. 134 at 10–11. With its flurry of letters, declarations, and excuses, Robbins

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable Louis L. Stanton
February 23, 2021
Page 2

Geller continues to flout this Court's call for the "full facts bearing on [the] question[]" of nondisclosure.  ECF No. 183 at 2.  Now, after proffering an eight-document privilege log, *see* Ex. A, together with a handful of entries on a prior log, *see* Ex. B, Robbins Geller proclaims itself to have dispatched with this Court's request for a "deeper dive" into "the conclusion that no contemporaneous disclosure was necessary."  ECF No. 194 at 1.  In truth, this "dive" is as shallow as could be.

Two points are crystal clear from the log entries that Robbins Geller claims represent "full compliance" with this Court's Orders.  *First*, not a single one of the eight Robbins Geller attorneys who have noticed an appearance before Your Honor — each of whom has a continuing duty of candor to this Court — is in a single entry on either of the logs.  Not one.  *Second*, every single document cited on its privilege logs is from March 2018 — two months *before* Robbins Geller so much as filed a document in this case.  *See* ECF No. 11 (dated May 4, 2018).  Robbins Geller would have this Court believe that *no* listed counsel had a single discussion about CAAT's short position, including the need to disclose it, throughout this entire litigation — not when Robbins Geller prepared CAAT's Motion to be Appointed Lead Plaintiff; nor when it called upon its client to make a sworn certification pursuant to the PSLRA; nor when it crafted CAAT's Amended Complaint, CAAT's Opposition to Defendants' Motion to Dismiss, or CAAT's Motion for Class Certification; nor when it failed to produce documents upon discovery.

But this proposition is inconceivable, and Robbins Geller knows it.  So the firm has attempted to restrict the scope of the Court's inquiry through linguistic contortions.

In response to direct questions from Defendants, Robbins Geller refused to explain what it is defining as "contemporaneous" and likewise refused to disclose whether there were discussions about the short position (including the need to disclose it) at any stage in the litigation *once* it had appeared in this Action.  *See* Ex. C (Feb. 22, 2021 Email from H. Wachtell to J. Goldstein).  Instead, the firm responded evasively, stating that it had reached "the conclusion that no contemporaneous disclosure was necessary . . . and that the conclusion never changed."  *See* Ex. D (Feb. 22, 2021 Email from R. Jensen to H. Wachtell).  But that the conclusion never *changed* does not mean it was never *revisited* — and that is what Robbins Geller cannot bring itself to be forthright about.  Tellingly, Robbins Geller does not even *purport* to represent that these log entries reflect a "*full showing*" of its documents concerning the short position.  ECF No. 194 at 1.  That silence speaks volumes.  Robbins Geller's latest maneuver is a mere continuation of a pattern that calls its candor into question.

This Court should order Robbins Geller to disclose *all* documents relevant to CAAT's short position that are or were in Robbins Geller's possession, custody, or control.  Without such an order, Robbins Geller will continue to rely on semantic gamesmanship to skirt this Court's inquiry.  Ultimately, the inescapable fact of the matter is that Robbins Geller, fully aware that CAAT had profited substantially if its allegations were true, still came before this Court and falsely stated that "to the best of its counsel's knowledge," CAAT had suffered serious financial injury. ECF No. 13 at 4.  Robbins Geller's lack of candor is plain, a standard that the firm has not

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable Louis L. Stanton
February 23, 2021
Page 3

directly addressed in any of its many letters.  Defendants believe that the "full showing" that the Court has ordered will only further bear that out.

    **II.**    **By putting its "good faith" directly at issue, Robbins Geller has waived any claim of privilege and/or work product over the few documents on its privilege logs.**

        Turning to Robbins Geller's privilege log, it is not entitled to claim privilege for any of the few documents it has logged. It is blackletter law in this Circuit that the entries Robbins Geller listed on its privilege logs are not sufficient to establish its good faith on their own.  As Robbins Geller has previously argued to this Court, "the attorney-client privilege cannot at once be used as a shield and a sword" and "may implicitly be waived" when asserting a claim "that in fairness requires examination of protected communications." *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *see* Aug. 18, 2020 Letter from Robbins Geller to Judge Stanton (ECF No. 157) at 1–3.  Indeed, the Second Circuit's case law is unequivocal:  Robbins Geller's claim of "good faith" opens the door to the examination of otherwise protected materials.  *See In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008); *Bilzerian*, 926 F.2d at 1293–94.  This case law is rooted in the recognition that it is unfair for a party to "use[] an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *In re Cty. of Erie*, 546 F.3d at 229 (quoting *John Doe Co.* v. *United States*, 350 F.3d 299, 306 (2d Cir. 2003)).  Robbins Geller hopes to rest on that unfairness here.

        This Court should reject Robbins Geller's attempt to anoint itself the exclusive arbiter of its own good faith. Both the Court and Defendants should be afforded a full opportunity to evaluate properly these claims of good faith with the aid of documentary evidence. Accordingly, this Court should order that the documents listed on Robbins Geller's logs, as well as any other documents responsive to the Court's January 21, 2021 and February 8, 2021 Orders, be produced forthwith.

                              Very respectfully yours,

                              /s/ Herbert M. Wachtell
                              Herbert M. Wachtell

cc: All Counsel of Record