# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re GRUPO TELEVISA SECURITIES LITIGATION | Civil Action No. 1:18-cv-01979-LLS |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Herbert M. Wachtell
Ben M. Germana
David B. Anders
Tamara Livshiz
David E. Kirk
Adebola O.M. Olofin

*Of Counsel*

Dated:  January 15, 2020

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

Preliminary Statement....................................................................................................1

Argument ........................................................................................................................8

I.      Class certification should be denied because plaintiff fails to satisfy Rule 23(b). ..............9

     A.      Class certification is precluded where the preponderance of the evidence shows no price impact.....................................................................................10

     B.      The evidence here establishes no price impact. ........................................17

          1.      The October 26, 2017 *New York Times* article .........................................17

          2.      The November 14, 2017 Burzaco testimony ...............................................24

          3.      The November 29, 2017 trial exhibit..........................................................27

          4.      The January 26, 2018 Form 6-K..................................................................28

II.     Independently, class certification should be denied because plaintiff fails to satisfy Rule 23(a). ....................................................................................................32

     A.      Plaintiff is atypical and inadequate because it enjoyed an enormous gain from a Televisa short position that dwarfed by three times its claimed losses. ...............................................................................................................33

     B.      Plaintiff is also atypical and inadequate because it is subject to unique defenses on issues of reliance and loss causation stemming from contemporaneous admissions by its key agent. ....................................................41

     C.      Class certification should also be denied because the contractual arrangements between plaintiff and its law firm that led to this lawsuit undermine the PSLRA. .............................................................................................44

          1.      Plaintiff's portfolio monitoring agreement with Robbins Geller and its failure to comply with its own internal standards render it inadequate. ..............................................................................................45

          2.      The contract indemnifying plaintiff is a further end-run around the PSLRA. ...................................................................................................48

Conclusion ....................................................................................................................52

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrahamson* v. *Fleschner*,
568 F.2d 862 (2d Cir. 1977)...................................................................................36

*Acticon AG* v. *China N.E. Petroleum Holdings Ltd.*,
692 F.3d 34 (2d Cir. 2012)....................................................................................36

*Affiliated Ute Citizens* v. *United States*,
406 U.S. 128 (1972).................................................................... 12, 13 & n.4, 36

*Amchem Prods., Inc.* v. *Windsor*,
521 U.S. 591 (1997)..............................................................................33, 37, 40

*Arkansas Teachers Ret. Sys.* v. *Goldman Sachs Grp.*,
879 F.3d 474 (2d Cir. 2018)............................................................... *passim*

*Aude* v. *Kobe Steel, Ltd.*,
2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)...............................................44, 48 n.19

*Baffa* v. *Donaldson, Lufkin & Jenrette Sec. Corp.*,
222 F.3d 52 (2d Cir. 2000)..............................................................32, 40, 44

*Basic Inc.* v. *Levinson*,
485 U.S. 224 (1988)............................................................................. *passim*

*Borochoff* v. *Glaxosmithkline PLC*,
246 F.R.D. 201 (S.D.N.Y. 2007) (Stanton, J.)......................................................36

*Byrnes* v. *Faulkner, Dawkins & Sullivan*,
550 F.2d 1303 (2d Cir. 1977).................................................................................37

*City of Pontiac Gen. Emps.' Ret. Sys.* v. *Lockheed Martin Corp.*,
844 F. Supp. 2d 498 (S.D.N.Y. 2012)....................................................................47

*Comcast Corp.* v. *Behrend*,
569 U.S. 27 (2013)........................................................................................8, 9

*Chien* v. *Skystar Bio Pharm. Co.*,
256 F.R.D. 67 (D. Conn. 2009)...............................................................................49

*Denney* v. *Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006)....................................................................................33

*Dura Pharm., Inc.* v. *Broudo*,
544 U.S. 336 (2005)..................................................................................................43

*Erica P. John Fund, Inc.* v. *Halliburton Co.*,
309 F.R.D. 251 (N.D. Tex. 2015) ..............................................................12, 14, 15, 21

*E. Tex. Motor Freight Sys., Inc.* v. *Rodriguez*,
431 U.S. 395 (1977)..................................................................................................33

*GAMCO Inv'rs* v. *Vivendi*,
838 F.3d 214 (2d Cir. 2016).....................................................................................43

*Gary Plastic Packaging Corp.* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
903 F.2d 176 (2d Cir. 1990), *abrogated on other grounds by Microsoft Corp.*
v. *Baker*, 137 S. Ct. 1702 (2017) ........................................................................32, 40

*Gen. Tel. Co. of the Southwest* v. *Falcon*,
457 U.S. 147 (1982)..................................................................................................32

*Gordon* v. *Sonar Capital Mgmt. LLC*,
92 F. Supp. 3d 193 (S.D.N.Y. 2015)..................................................................... *passim*

*Gruber* v. *Gilbertson*,
2019 WL 4439415 (S.D.N.Y. Sept. 17, 2019)..................................................13 n.4

*Halliburton Co.* v. *Erica P. John Fund, Inc.*,
573 U.S. 258 (2014)........................................................................................ *passim*

*Halliburton* v. *Erica P. John Fund, Inc.*,
2013 WL 4855972 (U.S. Sept. 9, 2013)*i (U.S. Sept. 9, 2013) (petition for
writ of *certiorari* as granted) *cert. granted, Halliburton Co.* v. *Erica P. John
Fund, Inc.*, 571 U.S. 1020 (2013) .............................................................................10

*In re AIG Inc. Sec. Litig.*,
265 F.R.D. 157 (S.D.N.Y. 2010), *vacated on other grounds*,
689 F.3d 229 (2d Cir. 2012)......................................................................................15

*In re Bausch & Lomb Inc. Sec. Litig.*,
244 F.R.D. 169 (W.D.N.Y. 2007)................................................. 37, 39, 40 & n.18

*In re Bausch & Lomb*,
2007 WL 3197318 ....................................................................................................40

*In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*,
17 Civ. 1580 (LGS), 2019 WL 5287980 (S.D.N.Y. Oct. 18, 2019)............................. *passim*

*In re Critical Path, Inc. Sec. Litig.*,
156 F. Supp. 2d 1102 (N.D. Cal. 2001) ....................................................................37

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) *decision clarified on denial of reh'g*, 483 F.3d 70
    (2d Cir. 2007) ............................................................................................................8, 9

*In re Intuitive Surgical Sec. Litig.*,
    2016 WL 7425926 (N.D. Cal. Dec. 22, 2016) ...............................................................15

*In re Kosmos Energy Ltd. Sec. Litig.*,
    299 F.R.D. 133 (N.D. Tex. 2014) ..................................................................................45

*In re Moody's Corp. Sec. Litig.*,
    274 F.R.D. 480 (S.D.N.Y. 2011) .............................................................................15, 32

*In re Omnicom Grp., Inc. Sec. Litig.*,
    597 F.3d 501 (2d Cir. 2010) .............................................................................16, 23 n.7

*In re Refco Inc. Sec. Litig.*,
    2013 WL 4078410 (S.D.N.Y. Aug. 2, 2013) ............................................................37, 38

*In re Vivendi Universal, S.A. Sec. Litig.*,
    183 F. Supp. 3d 458 (S.D.N.Y. 2016) ..........................................................................42

*In re Xerox Corp. Sec. Litig.*,
    746 F. Supp. 2d 402 (D. Conn. 2010) ...........................................................................15

*Iron Workers Local No. 25 Pension Fund* v. *Credit-Based Asset Servicing &*
    *Securitization, LLC*,
    616 F. Supp. 2d 461 (S.D.N.Y. 2009) .................................................................45, 46, 47

*Jay Dees, Inc.* v. *Def. Tech. Sys., Inc.*,
    2012 WL 13059897 (S.D.N.Y. Feb. 29, 2012) .............................................................49

*Kline* v. *Wolf*,
    702 F.2d 400 (2d Cir. 1983) .........................................................................................51

*Langan* v. *Johnson & Johnson Consumer Cos.*,
    897 F.3d 88 (2d Cir. 2018) .............................................................................................9

*Levin* v. *Res. Capital Corp.*,
    No. 15 Civ. 7081 (LLS), ECF No. 77, slip op. (S.D.N.Y. Nov. 22, 2017) .....................3, 4

*Levitt* v. *J.P. Morgan Sec., Inc.*,
    710 F.3d 454 (2d Cir. 2013) ...........................................................................................9

*Minpeco, S.A.* v. *Conticommodity Servs., Inc.*,
    676 F. Supp. 486 (S.D.N.Y. 1987) ...............................................................................39

*Peters* v. *Jinkosolar Holding Co.*,
2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ..................................................44

*Savino* v. *Comput. Credit, Inc.*,
164 F.3d 81 (2d Cir. 1998).............................................................................51

*Smith* v. *Fahnestock & Co.*,
2002 WL 334511 (S.D.N.Y. Mar. 1, 2002) ..............................................39, 40

*Stoneridge Inv. Partners, LLC* v. *Sci.–Atlanta, Inc.*,
552 U.S. 148 (2008)........................................................................................41

*United States* v. *Beard*,
542 F. App'x 529 (7th Cir. 2013) ..................................................................14

*Villella* v. *Chem. & Mining Co. of Chile Inc.*,
2018 WL 2958361 (S.D.N.Y. June 13, 2018) ...............................................41

*Waggoner* v. *Barclays PLC*,
875 F.3d 79 (2d Cir. 2017).........................................................12, 13, 35 n.16

*Wal-Mart Stores, Inc.* v. *Dukes*,
564 U.S. 338 (2011)......................................................................................8, 32

*Weisman* v. *Darneille*,
78 F.R.D. 669 (S.D.N.Y. 1978) ....................................................................44

**Statutes and Rules**

15 U.S.C. § 78bb(a) ...............................................................................................36

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................................37

15 U.S.C. § 78u-4(c).............................................................................................48

Fed. R. Civ. P. 10b-5............................................................................... *passim*

Fed. R. Civ. P. 11(b)(3)........................................................................................49

Fed. R. Civ. P. 23 .................................................................................... *passim*

**Other Authorities**

7A Charles Alan Wright, et al., Federal Practice & Procedure § 1766 (3d ed.
2005) ...............................................................................................................51

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N.
730.......................................................................................................... 44-45, 48

In addition, Rule 23(a)(4) requires plaintiff to show that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc*. v. *Windsor*, 521 U.S. 591, 625 (1997). To satisfy the adequacy requirement, "[a] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 625-26 (quoting *E. Tex. Motor Freight Sys., Inc.* v. *Rodriguez*, 431 U.S. 395, 403 (1977)). And a plaintiff "must have no interests antagonistic to the interests of other class members." *Denney* v. *Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006).

### A. Plaintiff is atypical and inadequate because it enjoyed an enormous gain from a Televisa short position that dwarfed by three times its claimed losses.

Plaintiff here seeks to represent a class of purchasers that allegedly suffered losses when the truth of Televisa's claimed misrepresentations became known to the public. *See* Compl. ¶ 158. As noted above (p. 17), the alleged corrective disclosures took place in a three-month period from October 26, 2017 through January 26, 2018. And during those three months, *if* there was a consequent price drop from the claimed corrective disclosures, plaintiff *gained* by virtue of a large short position, not lost. That fact makes plaintiff both atypical and inadequate. Extraordinarily so.

As was first revealed twenty months into this litigation on November 21, 2019 from deposition testimony and subsequent discovery, *see* Ex. V (Rorwick Tr. 222:10-224:23), throughout the very three-month period that plaintiff claims Televisa's fraud was disclosed to the marketplace allegedly causing Televisa's ADR prices to decline, plaintiff had one *billion dollars* (CAD) (c. 770 million dollars (U.S.)) invested in a fund — the Arrowstreet (Canada) Global World Alpha

Extension Fund I — that had *shorted* Televisa ADRs.[13] Plaintiff was by far the largest investor in that fund — indeed, plaintiff's position represented in excess of 75% of the entire assets under management. *See* Ex. BB (Oct. 31, 2019 Arrowstreet Holdings and Transactions).

Critically, *if*, as plaintiff claims, there was fraud and then a consequent price drop at any point in the three-month period between October 26, 2017 and January 26, 2017, plaintiff's gains dwarfed any claimed losses, *no matter how calculated. See* Ex. BB (Oct. 31, 2019 Arrowstreet Holdings and Transactions). During those three months, plaintiff held a long position of 146,400 Televisa ADRs acquired during the class period. *See* ECF No.14-3 (Plaintiff's Loss Chart). But for the majority of that same period, its fund held short for plaintiff's benefit 460,710 ADRs — a position likewise established during the class period — and continued to hold no less than 437,633 such ADRs short for the balance of the three months. *See* Ex. BB (Oct. 31, 2019 Arrowstreet Holdings and Transactions). Thus, for example, at the outset of that three-month period, the market value of plaintiff's *short* position exceeded $10.94 million (U.S.), *see id.*, while its long position on which it claims losses had a market value of only $3.47 million, ECF No.14-3 (Plaintiff's Loss Chart).[14] The upshot is that no matter the method plaintiff seeks to use to calculate damages, its short position will — by definition — always far outweigh its long: for every dollar of hypothetical claimed decline in value for each Televisa ADR, plaintiff's gain is some three times any claimed loss.[15]

---

[13] Discovery obtained since the December 4, 2019 Court conference has established that the short position held during this three-month period was indeed in Televisa ADRs, not CPOs, as had previously been indicated. *See* Ex. BB (Oct. 31, 2019 Arrowstreet Holdings and Transactions).

[14] According to CRSP, the closing price for Televisa ADRs on October 25, 2017 was $23.75. *See* ECF No. 76-2 (Feinstein Report at 114). The dollar values are derived from multiplying the closing price on October 25, 2017 by the number of shares held (either short or long) for the benefit of CAAT.

[15] Plaintiff, in a declaration accompanying its motion to be appointed lead plaintiff, claimed losses of $968,000. ECF No. 14-3. As plaintiff's own expert makes abundantly clear in his expert report,