UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
: 
In re Vale S.A. Securities Litigation        :        No. 19 Civ. 526 (RJD) (SJB)
:
:        <u>ORAL ARGUMENT REQUESTED</u>
:
:
-----------------------------------------------------------x


# DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE JUDGE BULSARA'S REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

GIBSON, DUNN & CRUTCHER LLP

Mark A. Kirsch
Randy M. Mastro
Christopher M. Joralemon
Mary Beth Maloney
David M. Kusnetz

200 Park Avenue
New York, NY  10166-0193
Telephone:     212.351.4000
Facsimile:     212.351.4035

*Attorneys for Defendants*

Defendants respectfully submit this reply in further support of their objections to the January 11, 2022 Report and Recommendation ("R&R") on Plaintiff's motion for class certification and appointment of class representatives and class counsel. Dkt. 110. Plaintiff filed its Opposition to the objections on February 8, 2022. Dkt. 112.

## DISCUSSION

I. **PLAINTIFF DISTORTS THE LAW AND THE FACTS TO SUPPORT AN UNWARRANTED FINDING OF MARKET EFFICIENCY**

**A. Plaintiff Continues to Overstate *Waggoner* and its Progeny.** Plaintiff misreads controlling Second Circuit precedent by arguing that a plaintiff can satisfy its burden of demonstrating market efficiency through indirect factors "standing alone." Dkt. 112 at 5. *Never* has a court—faced with substantial evidence of *inefficiency*—concluded that a market is efficient absent direct evidence.

Indeed, Plaintiff and the R&R fail to contend with *Waggoner*'s instruction that direct evidence of efficiency actually has "greater" importance where, as here, other evidence "suggest[s] the inefficiency of the market." *Waggoner v. Barclays PLC*, 875 F.3d 79, 97 (2d Cir. 2017). Plaintiff also fails even to address any of the other cases cited by Defendants, Dkt. 111 at 5–8, all of which conclude that scrutiny of *Cammer* factor 5 is necessary if the record contains evidence of inefficiency. *See George v. China Auto. Sys., Inc.*, 2013 WL 3357170, at *13 (S.D.N.Y. July 3, 2013) (declining to find efficiency because "the numerous days during the Class Period when news events did not result in price movement . . . cannot be ignored"); *Brokop v. Farmland Partners Inc.*, 2021 WL 4913970, at *4 (D. Colo. Sept. 30, 2021) (finding no efficiency for portion of the class where there was no significant price movement on news dates even though indirect factors were met). Likewise, Plaintiff has no response to *OPERS*, a case applying *Waggoner* that did not find efficiency due to the "specific circumstances . . . that

weigh[ed] in favor of scrutinizing *Cammer* 5," including a flawed event study conducted by the *same* expert here that contained the exact *same* deficiencies as those presented here. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *15 n.14 (N.D. Ohio Aug. 14, 2018) (internal quotation marks omitted).

**B. Plaintiff Misrepresents the R&R's Purported Consideration of Evidence Adduced by Defendants that the Vale Markets were Inefficient.** While the R&R correctly recognized that evidence suggesting inefficiency would change the outcome, it erred by inexplicably claiming that Defendants presented no such evidence. Dkt. 110 at 19, 32.[1] Apparently seeking to obscure this plain error, Plaintiff argues that "Judge Bulsara did scrutinize, at length, the evidence presented on *Cammer* factor 5 by both parties." Dkt. 112 at 5. But, of course, the R&R could not have "scrutinized" evidence it wrongly concluded did not exist. Once this oversight is corrected, the R&R's own reasoning compels a "different story" with respect to the finding of efficiency. Dkt. 110 at 19.

For the Notes, the R&R's finding of efficiency is an even more stark outlier given that several indirect factors also cut against it. *See Waggoner*, 875 F.3d at 98 (cautioning that all indirect factors must "weigh[] so clearly in favor" of efficiency for a court not to rely on direct evidence of price impact). Indeed, every one of the cases Plaintiff cites finds that: (i) the plaintiffs provided at least some direct evidence; (ii) all the indirect factors were overwhelmingly satisfied; and/or (iii) there was no similar substantial evidence suggesting inefficiency. *See, e.g.*, *In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 367 (S.D.N.Y. 2016) (finding efficiency where

---

[1] Specifically, Defendants' expert found that the lack of price reaction on earnings dates and the results of collective event studies "***suggest[] market inefficiency***." Dkt. 106 at 10–12 (emphasis added); Dkt. 107-1 ¶¶ 43–46, 75–82. Plaintiff stresses that Defendants' expert, Dr. Torous, ran his event studies across Dr. Feinstein's own regression model. Dkt. 112 at 7 n.6. Yet this fact makes Defendants' point even more potent. Dr. Torous did not have to create a different model to reach the conclusion that there was no price movement on earnings dates—that finding was evident from Dr. Feinstein's own model.

"plaintiffs have satisfied the fifth *Cammer* factor"), *aff'd in part, vacated in part on other grounds*, 862 F.3d 250 (2d Cir. 2017); *In re Teva Sec. Litig.*, 2021 WL 872156, at *36 (D. Conn. 2021) (finding plaintiffs provided "strong" direct evidence); *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 328 F.R.D. 86, 98 (S.D.N.Y. 2018) (finding that plaintiff's event study "stays afloat" despite criticism); *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 94 (S.D.N.Y. 2015) ("*Cammer* 5 supports efficiency"); *Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 442 (D. Ariz. 2019) (all indirect factors weighed in favor and no event study suggesting inefficiency). All of these cases are inapposite. Here: (i) there is *no* direct evidence, Dkt. 110 at 39; (ii) all the indirect factors are *not* satisfied, *id*. at 34–37; and (iii) there *is* substantial evidence suggesting inefficiency, Dkt. 106 at 10–12; Dkt. 107-1 ¶¶ 43–46, 75–82.

As a last resort, Plaintiff seeks to transform its own burden into an obligation imposed on Defendants to affirmatively establish inefficiency. Dkt. 112 at 2, 5, 6–7. But Plaintiff bears the "burden of showing market efficiency by a preponderance of the evidence." *George*, 2013 WL 3357170, at *12. Consistent with *Waggoner*, Defendants' expert was tasked with identifying evidence that "*suggest[s]* the inefficiency of the market." *Waggoner*, 875 F.3d at 97 (emphasis added). And he did just that.

## II. PLAINTIFF FAILS TO MEET ITS BURDEN OF SATISFYING DOMESTICITY

Plaintiff claims that the R&R "merely observed that Defendants had not 'provided any quantification of the number of potential non-U.S. bond transactions at issue.'" Dkt. 112 at 11. Second Circuit precedent, however, requires Plaintiff—not Defendants—to *affirmatively* establish that "more often than not, they can provide common *answers*" to questions of domesticity. *In re Petrobras Sec. Litig.*, 862 F.3d 250, 273 (2d Cir. 2017) (emphasis in original). Plaintiff has offered no common answers, nor has it suggested any "form of representative proof that would answer the question of domesticity for individual class members." *Id*. at 272.

3

Plaintiff next argues that its failure to demonstrate domesticity is immaterial because the Court has "ample tools" to resolve individualized questions of domesticity at a later stage. Dkt. 112 at 11. But the availability of "management strategies" does not obviate the Court's "obligation to take a 'close look' at predominance when assessing the motion for certification itself." *Petrobras*, 862 F.3d at 274.[2] Because Plaintiff has not met its burden to establish predominance, the proposed class cannot be certified. *See id.* at 270.

## III. PLAINTIFF CANNOT RATIONALIZE THE R&R'S FAILURE TO CONSIDER THE *OPERS* DECISION

Plaintiff does not dispute that *OPERS* addressed the *same* flaws in the *same* market efficiency and damages analyses offered by the *same* expert here. 2018 WL 3861840, at *7, *17, *19 (denying class certification because plaintiff's expert, as here, failed to specify his proposed valuation tools and methods, which "amount[ed] to 'no damages model at all'") (citation omitted). Instead, Plaintiff urges the Court to disregard this highly instructive, on-point decision simply because it happens to have been issued by a sister federal court located in another circuit. Dkt. 112 at 13. But sound reasoning carries across jurisdictional borders.

## IV. PLAINTIFF'S ROLE IN A FRAUD RENDERS IT INADEQUATE

Regarding adequacy, Plaintiff attempts to obfuscate the record regarding its admitted role in an adjudged fraud. Specifically, Plaintiff's opposition and the R&R ignore that CAAT's Rule 30(b)(6) representative gave sworn testimony in *this case* that CAAT had full knowledge of its

---

[2] The cases that Plaintiff cites are inapposite. *In re Visa Check/MasterMoney Antitrust Litigation* is an antitrust case that does not consider whether individualized questions of domesticity predominate. 280 F.3d 124, 141 (2d Cir. 2001). And *In re Turquoise Hill Resources Ltd. Securities Litigation* addressed domesticity in the context of appointing a lead plaintiff—not at class certification. 2021 WL 148752, at *3 (S.D.N.Y. Jan. 15, 2021). Also, Plaintiff's reliance on the certification of a similarly defined *settlement* class in *Petrobras* is misplaced. Dkt. 112 at 11 n.11. The district court in *Petrobras* explicitly explained that "the predominance requirement differs between trial and settlement. . . . [W]ith a settlement class, the manageability concerns posed by numerous individual questions disappear." *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 870 (S.D.N.Y. 2018), *aff'd*, 784 F. App'x 10 (2d Cir. 2019) (citation and quotation marks omitted).

counsel's wrongdoing prior to applying to serve as lead plaintiff in *Grupo*, and failed to disclose it to Judge Stanton in its submission in support of appointment as lead plaintiff. *See* Dkt. 107-4 (Rorwick Dep.) at 70:14–19 (admitting CAAT was "aware of the short position . . . before it sought to serve as lead plaintiff in the Grupo case"), 72:20–23. Further, Plaintiff cannot deflect blame onto its counsel in *Grupo* because when "determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative." *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002). CAAT's admitted role in an adjudged fraud implicates its "honesty and trustworthiness," which is central to the "adequacy of representation" inquiry. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

## **CONCLUSION**

Based on the foregoing and all of the reasons set forth in Defendants' initial brief in support of their objections, Defendants respectfully request that the Court reject the R&R and deny Plaintiff's motion for class certification and appointment of class representatives and class counsel.

Dated: New York, New York
      February 15, 2022

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Mark A. Kirsch
    Mark A. Kirsch
    Randy M. Mastro
    Christopher M. Joralemon
    Mary Beth Maloney
    David M. Kusnetz

    200 Park Avenue
    New York, NY 10166-0193
    Telephone:    212.351.4000
    Facsimile:    212.351.4035

    *Attorneys for Defendants*